VOELZ and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 16—October 5, 1915.*

*Workmen's compensation: Award must be supported by findings: Findings not to be based on conjecture: Loss of eye: Infection: Proximate cause.*

1. Under sec. 2394—19, Stats., an award of the industrial commission must be supported by its findings of fact, and every finding must have some substantial evidence in its support, though not necessarily the preponderance of the evidence.
2. A finding of fact made by the commission cannot be based on mere conjecture any more than a finding of fact made by the court.
3. While a plumber was attempting to unscrew the locknut of the hot-water cock of a wash bowl in a private residence, some substance fell into his eye, causing him pain, and impelling him to rub the eye frequently. Thereafter a gonorrhœal infection developed in the eye and he lost the sight thereof. He had had no such infection previously, and none developed elsewhere, but it was purely conjectural, and the industrial commission did not find, whether the infection of the eye came from the substance which fell into it, or from rubbing it with an infected cloth, or washing it in infected water, or in some other way. *Held*, that he was not entitled to compensation, it not appearing that the loss of the eye proximately resulted from an injury "incidental to and growing out of the employment."

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an appeal from a judgment affirming an order of the *Industrial Commission* made under the Workmen's Compensation Act, awarding $1,124.40 to the claimant as compensation for the loss of an eye. The appellants claim that there was no sufficient proof that the loss of the eye was the result of an accident while in their employ.

The facts were as follows: The claimant is a plumber. He was working for the appellants, who are master plumbers, April 3, 1914, on which day he was sent with a helper to repair.the plumbing in connection with a wash bowl in the resi-

dence of one Fass in Milwaukee.   He was repairing the hot
water basin cock and in order to do so it was necessary to re-
move a locknut from the under side of the bowl.   To do this
he lay down on his back on the floor and attempted to unscrew
the nut, and while in this position "something" fell in his
eye which caused acute pain and impelled him to rub his eye
at once and frequently thereafter in the effort to get it out.
He was unable to continue at work, but his helper finished
the job under the claimant's direction.   On the following day
(Saturday) his eye was bloodshot and pained him somewhat,
but he kept at work.   He did not work on Sunday, but went
back to work on Monday, the eye being bloodshot, the lids
swelled, and pus beginning to discharge.   At noon he quit
work and consulted a physician (Dr. Schuster), who treated it
for a week with no improvement, but rather the reverse.
Then he went to Dr. Higgins, who at once made a micro-
scopical examination of the pus discharged, found it to con-
tain gonococci bacilli, and sent the claimant to a hospital.
The difficulty was too far advanced, however, for cure, and
the sight of the eye was lost.   The claimant was examined
superficially by Dr. Higgins to ascertain if he had gonor-
rhœal infection aside from the infection of the eye, with nega-
tive results.   He was also examined at about this time by
Dr. Connell under the eugenics law and was given a certifi-
cate by him that he was free from such infection and might
marry.   He developed no infection anywhere except in the
eye and he testified that he had never had any gonorrhœal
disease.

The *Industrial Commission,* in a memorandum attached
to the award, made the following findings:

"It is clear from the evidence that the applicant had not
suffered, prior to the accident, from a gonorrhœal disease, ex-
cept as it may be inferred from the fact that thereafter gono-
cocci was discovered in the pus from the eye.   This infection
of the eye might well have come from outside sources.   The
particles which he received in the eye might have been in-

fected, or, with the eye inflamed, it might have become in-fected by rubbing it with an infected cloth or washing it in infected water, or in other ways.    This seems a reasonable conclusion.

"The proximate cause of the injury, therefore, must be traced to the original accident whereby he received some in-jury to the eye by some substance finding lodgment in it."

The trial judge, in affirming the *Commission's* award, said:

"The evidence establishes an injury to the eye in the course of defendant's employment, the development of the germ within the usual time after such injury, and the consequent loss of sight.    There is no proof of any other source of in-fection, and the defendant himself is shown to be free from such infection.    Considering this state of the proof in view of the well established rules, the court cannot disturb the findings and award of the *Commission.*"

For the appellants there was a brief by *Henry J. Killilea* and *George Luebke,* and oral argument by *Mr. Killilea.* They cited *Clark v. Franklin F. M. Ins. Co.* 111 Wis. 65, 68, 86 N. W. 549; *Chybowski v. Bucyrus Co.* 127 Wis. 332, 340, 106 N. W. 833; *Schell v. C. & N. W. R. Co.* 134 Wis. 142, 146, 113 N. W. 657; *McCoy v. Michigan S. Co.* 180 Mich. 454, 147 N. W. 572; *Bryant v. Fissell,* 84 N. J. Law, 72, 86 Atl. 458, 3 N. & C. C. A. 585; Ruegg, Emp. Liab. & Workm. Comp. (8th ed.) 343; Boyd, Workm. Comp. § 559.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* as-sistant attorney general, and oral argument by *Mr. Gilman.*

The following opinion was filed June 1, 1915:

WINSLOW, C. J.    The *Industrial Commission* can make no award unless it be supported by its findings of fact (sec. 2394—19, Stats.), and every finding of fact must have some substantial evidence in its support, though not necessarily the preponderance of the evidence.    *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245.    It must

result from this that a finding of fact made by the *Commission* cannot be based on mere conjecture any more than a finding of fact made by the court. It does not require so much evidence in its support, but it cannot be upheld without evidence.

In the present case the *Commission* did not determine the crucial question of fact in the case, namely, the question how the gonococci germs got into the eye. They say that the sub-· stance which fell in the eye may have been infected, or, "with the eye inflamed, it might have become infected by rubbing it with an infected cloth or washing it in infected water, or in other ways. This seems a reasonable conclusion." We interpret this as meaning that it is purely conjectural as to how the infection got in the eye, hence they do not decide that question, but their legal conclusion is that, however the infection came in, it is legally traceable to the dropping of the foreign substance in the eye, because that fact inflamed the eye and induced the rubbing with an infected cloth or the washing with infected water.

This would be strictly logical if it could be said (1) that the claimant would not have washed his eye or rubbed it with a towel in the absence of the injury to the eye, and (2) that only an inflamed eye could be infected by a gonorrhœal infection. The difficulty is that neither of these propositions can be supported. People who have suffered no such mishaps also wash their faces and wipe their eyes with towels daily as a matter of course, and it is a well known fact that the gonorrhœal infection waits not upon inflammation or injury to make its entry into the eye.

It is said in the Encyclopedia Britannica (11th ed.), vol. 27, p. 983:

"One of the most important points in the management of a case of gonorrhœa is to prevent all risk of the septic discharge coming into contact with the eye. It sometimes happens that the patient inadvertently introduces the germs into his own eye by his finger, or that his eye or the eye of some mem-

Voelz v. Industrial Commission, 161 Wis. 240.

ber of his household becomes inoculated by the use of an infected towel. If this happen, prompt and energetic measures must be taken to save the eye."

In the present case it is found, upon sufficient evidence, that the claimant had no gonorrhœal infection except that which developed in his eye, but it does not appear where or under what circumstances he washed the eye or what towels or cloths he used to wipe it.

Apparently the substance which fell in his eye was something hard. No mention is made of it as a liquid. The claimant calls it "something" and says he tried to get it out by rubbing. It appears by the evidence that the claimant was not working on the waste pipe or any pipe which takes water away from the wash bowl, but on the locknut of the basin cock, *i. e.* the cock which supplies clean water to the bowl.

If the *Commission* had found as a fact that the infection came from the substance that dropped in the eye, it might be difficult to say that there is *no* evidence to support the finding, but they did not so find. On the contrary they reached the conclusion, which seems to us eminently reasonable and logical, that it might have come from this source and might also have come from a number of outside sources.

In substance, the conclusions of the *Commission* are as follows: Something fell in the plaintiff's eye, causing pain; he rubbed the eye; gonorrhœal infection followed; he did not have the infection previously; we cannot determine whether the infection in the eye came from the substance which fell into it, from water with which he bathed it, or from a towel with which he rubbed it, but in either event we regard the dropping of the substance in the eye as the legal cause of the subsequent loss of sight within the meaning of the Compensation Act.

If this be correct, then any man at work at any occupation who gets something in his eye while at work and rubs the eye, the rubbing being followed by gonorrhœal infection, may re-

cover for the loss of the eye simply on producing evidence of these facts, together with evidence tending to show that he did not have gonorrhœal infection previously. We cannot agree that this is good law. It bases liability upon conjecture. Unless there be some evidence tending to show that the substance which fell in the eye caused the infection and unless that fact be found, we cannot regard the subsequent loss of the eye as proximately resulting from an injury "incidental to and growing out of the employment." *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996.

*By the Court.*—Judgment reversed without costs, and cause remitted to the circuit court with directions to set aside the award of the *Industrial Commission.*

SIEBECKER, J., dissents.

A motion for a rehearing was denied, without costs, on October 5, 1915.