**CONSOLIDATED FUEL CO. et al. v. STATE INDUSTRIAL COMMIS-SION et al.**

No. 12640—Opinion Filed Feb. 28, 1922.

(Syllabus.)

**1. Master and Servant — Workmen's Compensation — Notice of Claim — Necessity.**

The notice provided for in section 8, article 2, chapter 246, Session Laws 1915, is not jurisdictional.

**2. Same—Notice of Claim—Conclusiveness of Finding.**

Where an employe files his complaint with the State Industrial Commission under the Workmen's Compensation Act and the employer or the insurance carrier has been properly served with notice of the time and place of hearing such complaint and at the time specified in such notice the State Industrial Commission proceeds to hear such complaint and makes an award thereon, such award is conclusive against the employer or insurance carrier, if not appealed from.

**3. Same—Hearing on Complaint — Waiver of Defenses by Nonappearance.**

When neither the employer nor the insurance carrier appears before the State Industrial Commission, pursuant to notice duly given, and sets up any defense to the complaint of an employe, they will be deemed to have waived such matters of defense as they could have reasonably presented at such hearing.

**4. Same—Failure of Claimant to Give Notice.**

When on the hearing of a complaint filed by an employe under the Workmen's Compensation Act no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding or in any way excuse the failure to give such notice.

**5. Same—Orders of Industrial Commission —Conclusiveness.**

When there is any evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive on this court. Under section 10, article 2, chapter 14, Session Laws 1919, the decision of the State Industrial Commission is final as to all questions of fact, and cannot be reviewed by this court on appeal.

Original action by the Consolidated Fuel Company and another to reverse and vacate order of State Industrial Commission overruling motion to vacate award of compensation to Emery Evans. Affirmed.

Simpson, Hummer & Foster, for petitioners.

R. E. Wood, Asst. Atty. Gen., for respondents.

MILLER, J. This is an appeal from an order of the State Industrial Commission made on July 26, 1921, overruling the motion of the Consolidated Underwriters, as insurance carrier, to vacate an award made to Emery Evans on the 7th day of February, 1921. The Consolidated Fuel Company and the insurance carrier, Consolidated Underwriters, appear here as petitioners; the State Industrial Commission and the claimant, Emery Evans, appear here as respondents.

On January 25, 1921, Emery Evans filed his claim as employe of the Consolidated Fuel Company asking compensation for disability caused by an injury occurring on the 20th day of November, 1920. The claim was against the Consolidated Fuel Company, as employer, and the Consolidated Underwriters, as insurance carrier. The cause of the complaint was an injury to the right leg at the knee.

The Consolidated Fuel Company and Consolidated Underwriters were each duly notified by the State Industrial Commission that a hearing on said claim would be had on the 7th day of February, 1921. They failed to appear and on said date the State Industrial Commission made an award to Emery Evans in the sum of $18 per week.

Thereafter, and on March 3, 1921, the petitioners filed a motion with the State Industrial Commission to set aside the award made to Emery Evans on February 7, 1921. A hearing was had on the motion, and on August 19, 1921, the State Industrial Commission made the order sought to be reversed by this appeal. The order reads as follows:

"Now on this the 19th day of August, 1921, the above cause coming on for consideration pursuant to a hearing held in Okmulgee on July 26, 1921, on the motion of the insurance carrier to vacate award, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by Mr. Hummer, and the commission having examined the testimony and all the records on file, and being well advised in the premises, finds: That the claimant, while in the employ of the respondent and in the course of his employment, was injured on November 20, 1920; that he was receiving a wage of $7.50 per day; and that he is entitled to compensation at the rate of $18 per week for

a period of 21 weeks and three days, being for a total sum of $387. The commission is therefore of the opinion that the motion of the insurance carrier to vacate the award should be overruled.

"It Is Therefore Ordered: That the motion of the insurance carrier to vacate award be and the same is hereby overruled, and that within ten days from this date the Consolidated Fuel Company or the Consolidated Underwriters pay to the claimant the sum of $387 in full and final settlement of this cause, and also pay all medical expenses incurred by the claimant as a result of the injury."

The first error complained of by petitioners is:

"Proposition No. 1. The commission was not authorized to make an award in this case, for the reason that the respondent failed to give the notice to the employer as required by law, and there is no evidence in the record upon which the commission could excuse such notice."

The petitioners admit they had notice of the complaint being filed and the date set for the hearing, but attempt to explain their nonappearance at the hearing by stating they did not think the claimant would claim compensation unless he had been disabled by an injury received during the course of his employment. The State Industrial Commission having acquired jurisdiction by a complaint regularly filed, notice duly issued thereon and served on the parties interested, on a hearing had pursuant to such notice, in the absence of fraud, the award made, if unappealed from, is conclusive as against the employer and insurance carrier. Not having made timely objection to an award being made on account of claimant failing to give notice to the employer, this defense is deemed to have been waived, and cannot be urged on appeal from an order refusing to vacate the award.

Petitioners' second complaint is:

"Proposition No. 2. The Industrial Commission has not excused the respondent's failure to give the employer notice of injury as required by law, and such failure is therefore a bar to recovery."

When the State Industrial Commission made its award on February 7, 1921, the question of claimant's failure to give notice was not raised, therefore it was unnecessary for the State Industrial Commission to make any order or recitals excusing the failure to give the notice.

A general complaint is made that the evidence does not support the award or the order of the State Industrial Commission

refusing to vacate the award. We have examined the record, and find there is evidence which reasonably tends to support the order complained of.

Under section 10, art. 2, ch. 14, Session Laws 1919, the decision of the State Industrial Commission is final as to all questions of fact. Markham et al. v. State Industrial Commission et al., 85 Okla. 81, 205 Pac. 163.

The order of the State Industrial Commission made on August 19, 1921, is affirmed. The respondent will be entitled to interest on the amount specified in said order as provided by law.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.