**CAMERON COAL CO. et al. v. DUNN et al.**

No. 12721—Opinion Filed March 14, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law — Review of Orders of Industrial Commission.**

When there is any evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive on this court. Under section 10, article 2, chapter 14, Session Laws 1919, the decision of the State Industrial Commission is final as to all questions of fact, and cannot be reviewed by this court on appeal.

2. **Same—Right to Compensation—Necessity for Loss of Earning Power.**

The test of the right to an award under the Workmen's Compensation Law is not limited to the loss of earning power in the industrial world

Original action by Cameron Coal Company and Consolidated Underwriters, as petitioners, against Jeff Dunn and the State Industrial Commission, as respondents, to reverse and vacate an award made by the State Industrial Commission to Jeff Dunn. Award affirmed.

Moss & Tumilty, for petitioners.

R. E. Wood, C. C. Williams, and H. V. Lewis, for respondents.

MILLER, J. This action was commenced in this court by the Cameron Coal Company and Consolidated Underwriters, as petitioners, against Jeff Dunn and the State Industrial Commission, as respondents, to reverse and vacate an award made on September 12, 1921, by the State Industrial Commission to Jeff Dunn awarding him 35 weeks for the loss of use of his first finger and 20 weeks for the loss of use of his third finger.

On February 24, 1921, the State Industrial Commission awarded Jeff Dunn 30 weeks for the loss of his second finger, which was amputated following an injury received while in the employ of the Cameron Coal Company. The award made on February 24, 1921, for the loss of the middle finger is not complained of.

On March 12, 1921, Jeff Dunn filed a motion in the State Industrial Commission to review the award made on February 24th, on the ground that he was entitled to additional compensation for the loss of the use of his first and third fingers. A hearing was had on August 31, 1921, and the award thereafter made on September 12th is the one complained of. The only complaint made by petitioners is that there is not any evidence to support the award.

The petitioners in their brief have set out excerpts taken from the evidence given by Jeff Dunn and by Dr. Plumlee. The evidence thus set out by petitioners fully sustains the award made by the State Industrial Commission.

"When there is any evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive on this court. Under section 10, article 2, chapter 14, Session Laws 1919, the decision of the State Industrial Commission is final as to all questions of fact and cannot be reviewed by this court on appeal." Consolidated Fuel Co. and Consolidated Underwriters v. State Industrial Commission et al., 85 Okla. 112, 205 Pac. 170.

See Markham et al. v. State Industrial Commission et al., 85 Okla. 81, 205 Pac. 163.

The petitioners contend that because the claimant is performing the same work now that he had been performing before the injury and his earning capacity had not been decreased, but, on the other hand. because of a change in the schedule of pay he is now being paid more money for his services than he was receiving at the time of the injury under the former schedule, he is not entitled to an award. Under the testimony of Dr. Plumlee, the injury to the first and third fingers is permanent in quality. The criterion of disability is not limited to loss of earning capacity. In Winona Oil Co. et al. v. John Clark Smithson et al., 87 Okla. —, 209, Pac. 398, the syllabus reads:

"Under Workmen's Compensation Law, section 6, subdivision 3, c. 246, Session Laws 1915, as amended by section 9, subdivision 3, c. 14, Session Laws 1919, held, where the injured employe lost all practical use of an eye as a result of an injury, such employe is entitled to compensation irrespective of the ability of the employe to continue to perform his work in which he was engaged at the time of his injury. The test as to the rights of an injured employe to receive compensation is only dependent upon such employe having received an accidental personal injury resulting in such a permanent partial disability as is provided for in the schedule of the act."

In Hercules Powder Co. v. Morris County Court of Common Pleas et al. (N. J.) 107 Atl. 433, the syllabus reads:

"Within Workmen's Compensation Act, para. 11, defining a 'permanent injury' as one where the usefulness of a member is permanently impaired, or where any physical function is permanently impaired, an injury to an employe which resulted in the loss of one of his testicles held a 'permanent injury'; the criterion of disability partial in character and permanent in quality not being limited to loss of earning capacity."

In the opinion by Minturn, J., it is stated:

"The lower court found that as a result of the injury, the defendant's morale, courage, and marital efficiency were lessened. Whatever view medical experts may entertain upon that phase of the case, the indisputable fact remains that the injured defendant has suffered the loss of a portion of his anatomy, which nature implanted in the human organism, as a dual reservoir of complete efficiency equally with eyes, ears, and limbs, and that to deprive him of one of these natural attributes is to take from him a component portion of the perfect genus homo, and to that extent at least impair the physical attributes of his manhood. This impairment may not prove to be so conspicuous in the ability to produce wages in the industrial world, but there are other spheres for the employment of human energy, talents, and the possession of physical attributes besides the industrial world into the activity of which the defendant is entitled to bring, possess, and enjoy all the physical attributes with which nature endowed him.

"In harmony with these considerations, it has been held that the sole criterion of a disability, partial, in character and permanent in quality, under the statute, is not limited to the loss of earning power. De Zeng Co. v. Pressey, 86 N. J. Law, 469, 92 Atl. 278, affirmed 96 Atl. 1102; Burbage v. Lee, 87 N. J. Law, 36, 93 Atl. 859."

The award of the State Industrial Commission is affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER. and NICHOLSON, JJ., concur.