**WHITEHEAD COAL MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 12647—Opinion Filed May 9, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Industrial Commission's Finding of Facts Conclusive.**

When there is any evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive in this court. Under section 10, art. 2, c. 14, Session Laws 1919, the decision of the State Industrial Commission is final as to all questions of fact, and cannot be reviewed by this court on appeal. Consolidated Fuel Co. et al. v. State Industrial Commission et al., 85 Okla. 112, 205 Pac. 170.

2. **Same—Review of Award—Limitation—Statutory Construction.**

Under art. 2, sec. 12, c. 246, Session Laws 1915, the State Industrial Commission is authorized, at any time, to review any award made by it upon its own motion or the application of any interested party upon the ground of change in condition, and the jurisdiction of the commission, after having once vested, over a claim is continuing. The only limitation applicable to the commission is the maximum amount to be paid to the injured employe under the law, and the limitation of one year for the filing of a claim from date of injury found in section 17 of the act is inapplicable.

3. **Same—Review by Supreme Court—Affirmance.**

Record examined, and held, that the award be affirmed.

Action by the Whitehead Coal Mining Company, a corporation, and the Consolidated Underwriters, petitioners, against the State Industrial Commission and William Walsh, respondents, to reverse an award of the Industrial Commission in favor of William Walsh. Award modified and affirmed.

Simpson, Hummer & Foster (Con Murphy, of counsel), for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

KENNAMER, J. The Whitehead Coal Mining Company, a corporation, and the Consolidated Underwriters, petitioners, instituted this proceeding in this court against the State Industrial Commission and William Walsh, respondents, to reverse an award made on the 28th day of July, 1921, in favor of William Walsh directing the petitioners to pay to the respondent $18 per week until the termination of disability.

The record discloses that William Walsh was injured while in the employ of the Whitehead Coal Mining Company July 1, 1919, while working in a mine, by a rock falling upon his back. That on the 28th day of July, 1919, the Industrial Commission made an award to William Walsh, as claimant, awarding him the sum of $17.31 per week to continue until termination of disability and that they pay all medical expenses incurred by the claimant, not to exceed the sum of $100. That the petitioners paid the award until September 3, 1919, when William Walsh returned to work in the same employment as a coal miner, as an employe of the Whitehead Coal Mining Company, and continued to work at such employment until about the 15th day of March, 1921, at which time William Walsh became mentally incapacitated and was taken to the hospital for the insane at Vinita, Okla.

In July, 1921, Mrs. William Walsh, wife of William Walsh, filed a petition with the Industrial Commission asking for a review of the award made to William Walsh on the 28th day of July, 1919, alleging there had been a material change in the condition of the claimant, William Walsh, since the award of July 28, 1919, which was a direct result of the injury sustained by the respondent, William Walsh. That the injury sustained had caused a permanent disability. That an X-ray examination had been made of the injury to Walsh which disclosed a crushed vertebra in the dorsal region. That William Walsh, as a result of the injury, had a permanent stiff back. That the claimant, William Walsh, was being treated in the hospital for the insane at Vinita, Okla.

The petition for review of the award was set for hearing on the 28th day of July, 1921. After a hearing upon the petition at Henryetta before Commissioner H. C. Meyers, and the introduction of testimony on behalf of the respective parties, the commission, on the 25th day of August, 1921, made an award awarding William Walsh compensation from March 15, 1921, at the rate of $18 per week to continue during disability.

The petitioners by this action seek to reverse this award, and urge three propositions: First. There is no evidence supporting the order made by the commission. Second. That the commission, after having heard the testimony on the hearing for a review of the award, made an order that the claimant, William Walsh, undergo an examination to be made by Dr. Louis Bag-

by, of Vinita, the examination to be made on August 25, 1921, and that before the examination was made on August 25, 1921, the award herein was made. Third. That the claim of William Walsh is barred under section 17, ch. 246, art. 2, Session Laws 1915, requiring a claim for compensation to be filed within one year after the injury.

Upon an examination of this record, it is obvious that there is no merit in this first contention made by counsel for the petitioners. Counsel in their brief have attempted to impose the duty upon this court of weighing the evidence and determining on which side of the controversy the weight lies. It is the settled law in this jurisdiction that this court will not weigh the evidence presented to the Industrial Commission for the purpose of ascertaining where the weight of evidence lies or on which side it preponderates. Section 10, art. 2, c. 14, Session Laws 1919; Choctaw Portland Cement Company et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 750; Board of County Commissioners of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206; Raulerson v. Industrial Commission of Oklahoma et al., 76 Okla. 8, 183 Pac. 880; Consolidated Fuel Company et al. v. Industrial Commission et al., 85 Okla. 112, 205 Pac. 170.

Dr. W. L. Stevenson, a regular licensed physician who has practiced medicine for 13 years, testified on the hearing for a review of the award made by the commission that he had been the family physician for the claimant, William Walsh, for 12 years; that he had the claimant under his observation and treatment ever since his injury until he was carried to the hospital. That Dr. Fishman, of Oklahoma City, made an examination of the claimant in his presence, and that he assisted in making the examination. That they gave the claimant various tests, and that he had considerable vertigo. That he could not stand on one foot or with his feet close together. That his back was very stiff and he would fall forward. Dr. Stevenson stated positively in his testimony that the claimant was never sick before in his life prior to the injury except with smallpox, and that his present condition was the direct result of the injury received by him.

The evidence was uncontradicted that Walsh received a serious injury by a heavy rock falling from the roof of the mine on his back.

The report of Dr. Louis Bagby, the physician who made the examination of the claimant, which the petitioners complain

was not before the commission at the time the award was made, shows that he made an X-ray of the spine of the claimant and that the X-ray examination disclosed a lesion of the body of the third lumbar vertebra and a slight lateral deviation in the lumbar region.

The evidence of witnesses who worked with the claimant tended to show that he had never recovered from the injury inflicted upon him by the falling rock. With all this evidence in the record, counsel for the petitioners say in their brief that there is no evidence supporting the award made by the commission. This assertion is based upon the assumption that the commission was bound to give more weight to the evidence of certain medical experts that examined the claimant and who gave testimony in effect that the mental condition of Walsh was due to the disease of syphilis, which was disclosed by the positive Wasserman reaction as shown by the report and laboratory findings of Dr. C. J. Fishman.

Counsel for petitioners admit that Dr. W. L. Stevenson stated that the injury contributed to the present condition of insanity by lowering the vitality of the respondent, but urge that his evidence is not to be given any weight because he is not a graduate of a school of medicine, and that his evidence is in direct conflict with the testimony of physicians who are graduates. This very contention made by counsel for the petitioners destroys their first proposition, that the award of the commission is not supported by any evidence, and shows conclusively that the petitioners are seeking to have this court weigh the evidence. The only purpose for which this court will examine the testimony in this class of cases is with a view of ascertaining whether or not there is any substantial evidence supporting the award. This court, in the case of Associated Employers' Reciprocal and Missouri Valley Bridge Company v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862, did announce the rule that where the award of the commission is not supported by any evidence, then the award should be reversed. The rule announced in this case is in harmony with the rule universally adhered to by the courts, that an award cannot be sustained without proof of the essential prerequisites imposed by the statute, such as the fact that there was an accident resulting in an injury and the relation of employer and employe. However, the authorities support the rule that the finding of the commission does not require so much evidence to support it as a

finding made by a court, although such finding must be supported by substantial evidence. Nevertheless, it is not necessary that such finding be supported by a preponderance of the evidence. Workmen's Compensation Acts, C. J. (Advance Sheets) 115; Englebretson v. Ind. Acc. Comm., 170 Cal. 793, 151 Pac. 421; Voelz v. Industrial Commission, 161 Wis. 240, 152 N. W. 830.

We are clear in this case that there is substantial evidence in the record authorizing the award made by the commission, and that it was not necessary for the commission to delay the award waiting for the report of Dr. Bagby, who made an examination of the claimant. The better practice, however, would be for the commission, after having ordered the claimant to undergo an examination, to wait a reasonable time for the examination to be made, if such an examination would materially aid the commission in arriving at a just conclusion. But it would not be necessary for the commission to delay its award where the commission is satisfied that the claimant is entitled to an award.

As counsel for the petitioners have only complained under their second proposition as to the action of the commission in making the award prior to the filing of the report of Dr. Bagby, it is not necessary to give further attention to this contention.

The third proposition argued by counsel for the petitioners is that, under section 17, art. 2, c. 246, Session Laws 1915, the claim of the claimant, Walsh, is barred. That part of the section relied on is as follows:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the commission."

We are unable to concur in this contention. The statute only required that the claimant make a claim within one year from the date of the injury, and it is admitted that the claimant did make his claim within one year from the date of his injury and an award was thereon made. But this statute nowhere limits the time within which the claimant may file an application for a review of an award made by the commission. It is true in this case over one year intervened between the time the claimant ceased to receive compensation and the date of the application for a review of the award, but section 12, art. 2, c. 246, Session Laws 1915, provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the com-

mission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any money already paid."

This section of the statute does not provide any limitation of time within which a review of an award must be made, but only prescribes as a prerequisite that there has been a change in conditions. Furthermore, the statute specifically authorizes the commission, upon such showing being made, to review an award at any time. This section of the statute also answers the contention made by counsel that the wife of the claimant had no right to have the award reviewed for the claimant. It is clear from this section of the statute that the award may be reviewed, not only upon the motion of any interested party, but upon the motion of the commission.

The rule has been repeatedly announced by this court that the Workmen's Compensation Law must be liberally construed in favor of the injured employe. It would be a most narrow construction of section 12, supra, to deny to the wife of the injured employe the right to call to the attention of the Industrial Commission, by motion, the claim of her husband, who by reason of his injury is mentally incapable of presenting his claim. It is apparent that the award for $18 per week was made through error, and should have been for $17.31 per week. The same is modified in this respect.

The award of the Industrial Commission in this cause, as modified, is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ.. concur.