## BRANHAM v. CARTER OIL CO. et al.

No. 12991—Opinion Filed Sept. 19. 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Findings of State Industrial Commission—Review.**

Where the findings of the State Industrial Commission are without any evidence to sustain them and its award made pursuant thereto, such findings and award are reviewable as a matter of law. Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73. 200 Pac. 862.

2. **Same—Compensation for Permanent Injury and Disfigurement—Effect of Settlement with Employer.**

Under section 6, art. 2. c. 246, Session Laws 1915, as amended by section 9, c. 14, Session Laws 1919, it is the duty of the State Industrial Commission to allow an injured employe compensation for a permanent injury and disfigurement of his right hand received in an accident, although such injured employe has entered into an agreement of settlement with his employer compensating him for time lost due to temporary disability occasioned by such accidental injury.

3. **Same—Construction of Workmen's Compensation Law.**

The Workmen's Compensation Law should be construed fairly, indeed, liberally, in favor of the employe. Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762.

Original action by Fred W. Branham, petitioner, against Carter Oil Company and State Industrial Commission, respondents, to reverse an award made by the State Industrial Commission denying the petitioner compensation under the Workmen's Compensation Law for a permanent injury and disfigurement sustained by petitioner on the 24th day of January, 1921, while employed by the respondent Carter Oil Company as an employe. Award reversed, and cause remanded, with directions.

Joseph A. Gill, for petitioner.

James A. Veazey, C. M. Oates, and Walter Davidson, for respondent Carter Oil

Company.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for the State Industrial Commission.

KENNAMER, J. Fred W. Branham, petitioner, commenced this action against the Carter Oil Company, Own Risk, and the State Industrial Commission, respondents, to reverse an award made on the 22nd day of December, 1921, denying to the petitioner compensation under the Workmen's Compensation Law for an alleged permanent injury suffered by the petitioner as a result of an accident which happened on January 24, 1921, while the petitioner was working as an employe of the Carter Oil Company.

The petitioner, as grounds for a reversal of the award of the Industrial Commission, contends that the award is contrary to all of the evidence upon the hearing of the claim of the petitioner before the commission, and that said award is contrary to the law.

The material facts necessary to be considered in determining this cause are as follows: It is admitted that the petitioner received on the 24th day of January, 1921, an injury to his right hand and wrist while employed as an employe of the Carter Oil Company, which company carried its own risk under the law upon its employes. It appears that on the date of injury the petitioner was employed by the Carter Oil Company as a pipe machine helper, which work is similar to that of a common laborer, at a wage of $130 per month. Dr. Charles D. Johnson, the only witness other than the petitioner and claimant who testified before the Industrial Commission in describing the injury of the claimant, testified as follows:

"A. Well, when we saw him he had this scar extending—this cut here extended diagonally across to this joint on the back of his hand. It was done with a belt, as was stated before, which made it rather a ragged cut. The injury consisted in injury to the joint. The three fingers were cut and it was necessary for us to pull together the tissue and find each tendon and sew them together, and then dig a little tissue from beneath the skin and cover up the tendons with the hope of making new. Q. State to the commission whether or not those tendons are now in ordinary physical condition, or is an uninjured tendon? A. I would say that those tendons are healed and perfectly healed. Q. But, do they lay in the exact relation to the muscles and bones that they did before they were injured. A. No, sir; not to the tissues around the joints. Q. Were they gathered together or separate and placed in the same relation to the other muscles and bones as

they were before? A. They were placed in the same relation to each other and surrounding tissues as before. Q. What is it, then, that causes stiffness in the wrist of the claimant? A. Scar tissue, ordinary scar tissue. Q. Doctor, you may state to the commission, taking the history into consideration, whether or not the claimant can work with that hand at the present time and perform ordinary duties as before this injury? A. I have to say that it depends upon what he would do. Q. I am talking about everything. A. He could do everything as well as before. Q. What in your judgment is the permanent character of this injury? A. That is easy to answer. There will be a degree of permanent injury loss. He may gain some and have more use of his hand due to the fact that scar tissue may stretch giving him a little better than he now has, but there will always be a permanent injury to some extent. Q. Are you able to state the extent of loss generally? A. I have no basis on which to figure that; no, sir. I have no basis of judgment."

The petitioner in substance testified, as to the use of his fingers on his right hand, that he could use the little finger, and that was the only one that he could use; that he could grip some with his hand when he would pull straight up, but not any other way; that his wrist was stiff; that he had a scar on his hand and he could not grip anything with it.

Dr. Johnson testified that the scar was three inches long, extending across the wrist joint diagonally. This evidence was contradicted and conclusively shows that the petitioner has a permanent injury to his right wrist and hand, which will more or less incapacitate him to labor the remainder of his life.

The commissioner denied the petitioner compensation for this permanent injury and disfigurement to his right hand and wrist for the reason, as stated by the commission in its award, that the petitioner had received compensation in compliance with the award made by the commission for lost time during the petitioner's disability to work, and for the further reason "that, while the claimant has disability, the proof does not show that it is of such degree that he is thereby rendered unable to work." It is quite obvious that the commission has misconstrued the law prescribing its duties and making provision for the payment of compensation to the petitioner under the facts as disclosed by the evidence in this record. The fact that the petitioner is able to work in no way militates against his right, to compensation for the permanent injury and disfigurement

which he sustained while in the employ of the Carter Oil Company.

It is the contention of the respondent, Carter Oil Company, that on the 28th day of March, 1921, the claim of the petitioner was heard by the State Industrial Commission, and after an investigation pertaining to said injury a written agreement between the petitioner and the respondent, wherein the respondent agreed to pay the petitioner $175.14, was approved by the commission, and that pursuant to said agreement the respondent, Carter Oil Company, paid to the petitioner the sum of $175.14, and that said agreement is binding and conclusive upon the petitioner under section 3782N, Bunn's Annotated Statutes. (Sess. Laws 1915, sec. 10, art. 2.)

We have examined the written agreement filed with the Industrial Commission, and find that said agreement, according to its terms, only purports to settle with the petitioner for the time he had lost from his work by reason of his temporary disability to perform labor. In this situation it is obvious that there is no merit in the contention made by the respondent, Carter Oil Company.

Section 3782N, Bunn's Annotated Statutes, does authorize the employer and injured employe to enter into an agreement as to the facts with relation to an injury for which compensation is claimed, and authorizes the Industrial Commission to approve such an agreement; but the statute specifically denies to the commission any authority to approve any agreement which in terms does not conform to the provision of the Workmen's Compensation Act.

The fact that the respondent, Carter Oil Company, agreed to pay, and did pay, to the petitioner compensation for the time he lost by reason of his temporary disability, in no way limits or abridges the right of the petitioner to proper compensation as provided for in the statute for the permanent injury and disfigurement which he has sustained to his right hand and wrist. The statute specifically makes provisions for the compensation to be allowed for the loss of a finger (Session Laws 1919, pages 18 and 19): First finger, 35 weeks; second finger, 30 weeks; third finger, 20 weeks. Section 9, c. 14, Session Laws 1919, amendatory of section 5, article 2, c. 246, Session Laws 1915, specifically provides for the payment of compensation for a serious and permanent disfigurement of the head, face, or hand in amount not to exceed $3,000. See Seneca Coal Co. et al. v. Carter et al., 85 Okla. 220,

205 Pac. 495, construing this provision of the statute.

This court has repeatedly held that the facts as found by the commission are binding upon this court in an action to review an award of the commission. Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 750; McAlester Colliery Co. v. State Ind. Com. et al., 85 Okla. 66, 204 Pac. 630; Cameron Coal Co. et al. v. Dunn et al., 85 Okla. 219, 205 Pac. 503; Missouri Valley Bridge Co. et al. v. State Ind. Com. et al., 86 Okla. 209, 207 Pac. 562.

The only exception to this rule is that where the findings of the State Industrial Commission are without any evidence to sustain them and its award made pursuant thereto, such findings and award are reviewable as a matter of law. Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862. However, this court is vested with power to determine whether the facts found by the commission constitute a cause of recovery, and such determination is a question of law. Choctaw Portland Cement Co. et al. v. Lamb et al., supra.

From the record of the evidence in the instant case the petitioner, under the uncontradicted testimony, has a serious and permanent disfigurement to his right hand, for which no compensation has ever been allowed, and under the plain language of the statute, supra, it is the duty of the Industrial Commission to compensate the petitioner for his injury and disfigured right hand and wrist. The commission is unauthorized to deny the petitioner compensation for such injury merely because he is able to perform labor. It is possible for a man to lose one of his arms, legs, or eyes, and then perform many kinds of labor, but it was never contemplated by the Legislature that as a prerequisite to the injured employe receiving compensation he must receive such an injury as would totally incapacitate him to labor. Such a construction of the statute would be a colossal monstrosity. Cameron Coal Co. et al. v. Dunn et al., 85 Okla. 219, 205 Pac. 503; Winona Oil Co. et al. v. Smithson, 87 Okla. —, 209 Pac. 398.

The rule has been announced and uniformly adhered to by this court that the Workmen's Compensation Law must be liberally construed in favor of the employe. Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762; Henley v. Oklahoma Union Ry. Co. et al., 81 Okla. 224, 197 Pac. 488, 18 A.L.R. 427.

The award of the State Industrial Commission denying the petitioner compensation for the permanent injury and disfigurement is reversed, and the commission is directed to proceed with the cause in accordance with the views herein expressed.

JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.