**OKLAHOMA WOODCHUCK ZINC LEAD CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 13132—Opinion Filed Nov. 21, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation — Questions of Fact — Finality of Decisions of Industrial Commission.**

By the provisions of section 10 of the Workmen's Compensation Law (chapter 14, Session Laws 1919) the decision of the State Industrial Commission, where there is evidence to support such decision, is final as to all questions of fact.

2. **Same — Sufficiency of Evidence.**

Record examined, and held, that there is evidence to support the award.

Original Proceedings in Supreme Court to Vacate an Award of the State Industrial Commission.

Petition filed by Oklahoma Woodchuck Zinc Lead Company and Aetna Life Insurance Company against the State Industrial Commission and G. Smith. Award affirmed.

G. W. Earnshaw and Ross & Thurman, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven and Elmer L. Fulton, Asst. Attys. Gen., for respondents.

NICHOLSON, J. This proceeding was instituted in this court for the purpose of reviewing an award of the State Industrial Commission made on the 20th day of February, 1922, requiring the petitioners herein to pay to the respondent, G. Smith, compensation at the rate of $8.65 per week for a period of 100 weeks and until the sum of $865 should be paid, together with all medical expenses incurred by him by reason of an accident occurring while he was in the employ of the Oklahoma Woodchuck Zinc Lead Company, and by which he received an injury to his eye which resulted in the loss of sight.

The petitioners present two assignments of error: First, that the commission erred in finding that the claimant was in the employ of the respondent at the time of the injury; and, second, that the commission erred in finding that the claimant's disability resulted from an accidental injury.

The first assignment is based upon the finding of the commission that the claimant was injured on November 23, 1921, and it is insisted that the evidence shows that the relation of master and servant did not exist on that day. The claimant testified that he was breaking boulders with a hammer and a gravel struck him in the eye; that the accident occurred on November 23, 1921, if he was not mistaken; that it was the first day he worked; that the next day he went to a physician, who removed the pieces of gravel or jack from his eye; that he continued to work until he was sent to another physician. He further testified that his eyesight was good prior to the injury, and that by reason of the injury the sight of his left eye has been completely destroyed. His testimony was corroborated by the testimony of his son, Melvin Smith.

W. C. Eldridge, cashier of the Oklahoma Woodchuck Zinc Lead Company, testified that the books of the company showed that the claimant began work on December 12, 1921, and that he worked four days; that Smith reported to the witness that he had dirt in his eye, and that the witness ordered Smith to go to a physician; that at the time Smith reported the accident he could not tell the date on which he was injured, and fixed the day as the first day he worked. On December 20, 1921, the witness for the employer, prepared and sent to the State Industrial Commission the employer's notice of injury, in which it was stated that the claimant was injured on December 12, 1921, while in the employ of the Oklahoma Woodchuck Zinc Lead Company.

The evidence discloses that the claimant can neither read nor write, and is unable to tell the day of the month by an examination of the calendar, and that he is of less than ordinary intelligence. There is a conflict in the evidence as to the date of the injury; whether this conflict was due to the inability of the claimant to know or remember the day, or whether the cashier of the employer may have been mistaken, is, in our opinion, immaterial, as there is evidence showing that the claimant was in the employ of the Woodchuck Zinc Lead Company and sustained an accidental injury in the course of such employment, and these are the essential prerequisites imposed by the Workmen's Compensation Law.

It is next urged that there was no evidence before the Industrial Commission, and none is in the record, showing that the loss of sight was due to the alleged injury. Three physicians testified at the hearing, one of whom was an eye specialist. All of these testified that the claimant's eye was badly inflamed and that he was suffering from what they termed iritis; that this condition might result from an injury or from constitutional causes. Doctor Pinnell, an eye specialist, testified that he was unable to obtain any history of the case that would justify the conclusion that the claimant's condition was due to constitutional causes; that when he opened the iris, he found the lens opaque; that the claimant had a cataract condition, and that the rule is that a cataract traumatic injury results from a foreign body rubbing the lens, and from that standpoint it was concluded that he had a condition of that character.

This evidence, considered in connection with the evidence of the claimant as to the injury sustained, was sufficient to justify the commission in finding that the loss of the eye was the result of the injury. In fact, this is the only conclusion that could be reasonably reached.

There being evidence to support the finding and decision of the commission, such decision is final. Section 10, chapter 14. Sess. Laws 1919; Associated Employers' Reciprocal et al. v. State Industrial Commission. 83 Okla. 73, 200 Pac. 862; Cameron Coal Co. et al. v. Dunn et al., 85 Okla. 219, 205 Pac. 503.

The award of the State Industrial Commission is affirmed.

KANE, JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.