## HARRELSON v. STATE INDUSTRIAL COMMISSION et al.

No. 14118—Opinion Filed Sept. 18, 1923.

1. **Master and Servant—Workmen's Compensation Law—Findings of Fact by Commission—Conclusiveness.**

In a proceeding brought in this court to review an award of the State Industrial Commission where the record presents only questions of fact, if the evidence reasonably tends to support the findings complained of, nothing is presented to this court for review, and the order of the commission will be affirmed under Comp. Stat. 1921, sec. 7294 (Sess. Laws 1919, ch. 14, art. 2, sec. 10).

2. **Same—Injuries Arising o u t of o r i n Course of Employment — When not a Question of Law.**

Where a third person is working for the same employer as the injured claimant, although doing piecework instead of receiving salary or wages, and it is at his invitation that claimant places himself in a position from which the injury results, the mere fact that his earnings are not determined on a wage or salary basis does not constitute him an independent contractor so as to raise in this court a legal question as to whether claimant's injury arose out of or in the course of his employment.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original action by George Harrelson, as petitioner, against the State Industrial Commission, A. Worthington, Dr. E. C. Wickersham, Dr. E. W. DeMott, and Dr. F. B. Taggart, as respondents, to reverse an award made by the State Industrial Commission in favor of A. Worthington. Affirmed.

In July and August, 1921, A. Worthington was an employe of George Harrelson, who was engaged in the operation of a saw mill near the town of Watova in Rogers county, Okla. By the terms of his employment he was to drive one of the teams of his employer in hauling logs from the timber to the skidway at the mill, receiving as wages $2.50 per day. The sawyer at the mill was doing piecework, that is, instead of wages or salary he was paid $1.50 per thousand feet for sawing the logs into lumber. On August 16, 1921, Worthington had delivered a load of logs at the skidway of the mill and was called on by the sawyer to assist in turning a log on the skidway.

During this operation the log slipped and pinned Worthington beneath it, resulting in a compound fracture of both the tibia and fibula just above the left ankle. This injury resulted in medical treatment at Nowata for several weeks, a subsequent operation in a hospital at Independence, Kan., and total incapacity for manual labor during a period of 41 weeks and two days. Petitioner was employing 14 men at the time of the accident and carried no compensation insurance. January 29, 1923, the State Industrial Commission entered its order awarding compensation at the rate of $8 per week from Aug. 16, 1921, to June 1, 1922, making a total award of $330.67, and all medical expenses. It was further ordered that said award be paid in a lump sum within ten days from date of order, together with all medical expenses due. This proceeding is brought to vacate this order.

Wm. S. Hamilton and John E. Pendleton, for petitioner,

J. Wood Glass, Floyd A. Calvert, George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. Petitioner assigns numerous grounds for vacating the order complained of, but the 1st, 6th, and 7th grounds embrace all the others, so that their determination will dispose of this case. The first assignment reads:

"That the State Industrial Commission of the state of Oklahoma did not have jurisdiction on the 29th day of January, 1923, to make said award."

This contention is based upon the fact that a first hearing, pursuant to notice, was held at Bartlesville July 10, 1922, and a second hearing, pursuant to notice, was held at Nowata November 15, 1922. At the first hearing the claimant failed to appear, and the final order of the Industrial Commission recites that claimant did not receive notice of the first hearing in time to attend. This finding by the commission is a finding of fact binding on this court. But aside from this, it is provided by section 7325, Comp. Stat. 1921 (Sess. Laws 1915, art. 4, sec. 14), among other things:

"The power and jurisdiction of the commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just."

In passing upon a similar contention this court used the following language in reference to the above section in the case of Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 750:

"It is obvious, from the language of this section, that it was the intention of the Legislature that the power and jurisdiction conferred on the commission by the act should be broad and comprehensive. We will not construe the act to subvert the manifest purpose of the Legislature, as it seems to us that this broad and comprehensive jurisdiction was wisely conferred, since, under the act, the injured employe must file his claim for compensation with the commission within one year after he is injured, or his claim for compensation, under the act, is forever barred. Section 17, art. 2, Sess. Laws 1915."

The finding by the commission on this question must be taken as confessed because at the second hearing, held at Nowata, petitioner and his counsel were both present and no proof was offered to show that claimant did have notice of the prior hearing at Bartlesville. There is no merit in this contention.

Petitioner's sixth assignment reads:

"That the said award is void for the reason that it fails to specify what medical expenses this petitioner is required to pay, or to whom the same shall be paid, or how much this petitioner shall pay."

The fifth finding of fact by the commission recites:

"That the respondent, George Harrelson, told the claimant that he would take care of all his medical expenses and advised him to secure what physicians were necessary."

If this finding of fact is reasonably sustained by the evidence then the order of the commission for the payment of all medical expenses would be authorized, and their amount and to whom due would be immaterial so far as the order is concerned. There is no requirement of the statute that the commission shall determine the amount or value thereof.

After providing that costs shall be taxed against claimant in a proceeding brought without reasonable ground therefor, section 7298, Comp. Stat. 1921 (Sess. Laws 1915, article 2, sec. 14), further provides:

"Claims for legal services in connection with any claim under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4 of article 2 of this act, shall not be enforceable unless approved by the commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission."

The record shows (claimant's testimony, p. 10) that the only medical expenses cover-

ed by the order were $300 for hospital and operating expenses at Independence, Kan., and a drug bill at Nowata. The drug bill was ordered filed with the commission or furnished to petitioner. This order of the commission was an approval of these two claims, and their payment is to be made "in the manner fixed by the commission."

Is this finding reasonably supported by the evidence? Claimant testified (Tr. pp. 5 and 6) that Harrelson told him he would take care of all his expenses. This was at his home at Watova about August 20, 1921. Claimant was then under treatment of Drs. Brookshire and Collins of Nowata. The doctors afterwards took him to the hospital at Independence, Kan., for an operation. (Tr. p. 4.) This was evidently with the knowledge and approval of Harrelson, because it appears from the testimony of Dr. Wickersham that Harrelson visited the hospital at Independence and told Wickersham that he would pay all hospital and operating expenses (Tr. p. 11). Harrelson, although present and represented by counsel at the Nowata hearing, gave no testimony in contradiction of these two witnesses as to these conversations. The evidence, therefore, reasonably sustains the fifth finding of fact and this court is bound thereby. Consolidated Fuel Co. v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170; Superior Smokeless Coal & Mining Co. v. Bishop, 85 Okla. 204, 205 Pac. 497; Cameron Coal Co. v. Dunn, 85 Okla. 219, 205 Pac. 503; Whitehead Coal Mining Co. v. State Industrial Commission, 86 Okla. 149. 207 Pac. 305.

Petitioner's seventh assignment reads:

"That the award on its face is contrary to the facts existing in the case as is shown by the statement of facts as found by the commission."

Under this assignment petitioner contends that the injury suffered by respondent did not arise out of or in the course of his employment, and this contention is based upon the fact that the sawyer, who requested the respondent to help turn the log, was working for $1.50 per thousand feet instead of for wages or fixed salary. It is not contended that his earnings were not paid by petitioner, nor that the mill and all machinery which he operated were not owned by petitioner, nor that petitioner did not market and receive the proceeds of all the lumber sawed. This assignment does not present a question of law, but one purely of fact. The finding of the commission that the injury arose out of and in the course of employment, being amply sustained by the evidence, its determination of that fact is final. Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018; McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630.

No question of law being presented by this proceeding, and the record containing evidence reasonably supporting the findings and award of the commission, its order should be affirmed and the cause remanded for enforcement of the award.

By the Court: It is so ordered.