UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLEES, v. EMMA WICKLINE, APPELLANT.

FILED DECEMBER 14, 1918. No. 20833.

1. **Master and Servant:** EMPLOYEES' LIABILITY ACT: X-RAY EXAMINATION. A claimant for compensation under the employers' liability act pursuant to section 3675, Rev. St. 1913, cannot be denied a recovery because of a refusal to submit to an X-ray examination or to have an X-ray photograph taken of the person, where the uncontradicted evidence shows that neither was necessary.

2. ———: ———: COSTS: ATTORNEY'S FEES. In an action under the employers' liability act in which a recovery is had, the district court cannot tax an attorney fee as a part of the costs. Laws 1917, ch. 85, sec. 24.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Reversed.*

*R. J. Greene,* for appellant.

*Strode & Beghtol, contra.*

DEAN, J.

This action originated in the office of the compensation commissioner, before whom Mrs. Wickline, who is defendant here, recovered an award on August 7, 1918, in the sum of $81 as compensation for personal in-

juries sustained while in the employ of the North-western Iron & Metal Company. Plaintiffs here answer-ed jointly before the commissioner, denying liability and asserting matter of affirmative defense. On August 8, 1918, they filed with the commissioner a notice of appeal to the district court, where they ap-peared as plaintiffs, and where judgment was rendered against them for $18 and costs. Defendant's motion for a new trial was overruled, and a demand for an allowance of "overtime" compensation and for attorney's fees to be taxed as costs was denied. De-fendant appealed.

The findings and decree of the district court fairly reflect the material issues. The court found that de-fendant was injured on January 25, 1918; that the employer was insured against liability for such injuries by the guaranty company; that the guaranty company paid defendant compensation for 8 weeks at $6 a week which was in full to March 22, 1918; that on April 10, 1918, the guaranty company requested defendant "to submit to a further physical examination, the same to include the taking of an X-ray photograph of the in-jured portion of her body;" that she expressed willing-ness to submit to a physical examination, but "refused, and still refuses, to submit to the taking of an X-ray photograph, and that the compensation herein sought to be recovered has all accrued since the said request and refusal, with the exception of that portion which ac-crued between the 22d day of March, 1918, and the date of the request for said X-ray photograph, viz., April 10, 1918, or about three weeks; that there was due her and unpaid at the time of said request April 10, 1918, slightly less than three weeks' compensation at $6 a week, amounting with interest to $18, to which amount I find she is entitled to a judgment against plaintiffs. I further find that the request upon said Emma Wickline to submit to the taking of said X-ray photograph was a reasonable request, which was advised by the physician of her own choice, as well as

by the physician furnished by her employer, and that she should have complied therewith, and that by failing so to comply she has forfeited her right to all of the compensation sued for except that which accrued prior to April 10, 1918, and which is still unpaid, to wit, the sum of $18.''

Section 3675, Rev. St. 1913, so far as here applicable, follows: ''After an employee has given notice of an injury, * * * he shall, if so requested by the employer or the insurance company carrying such risk, submit himself to an examination by a physician or surgeon * * * furnished and paid for by the employer, or the insurance company carrying such risk, as the case may be. * * * The refusal of the employee to submit to such examination shall deprive him of the right to compensation under this article during the continuance of such refusal and the period of such refusal shall be deducted from the period during which compensation would otherwise be payable.''

Defendant was the only witness who testified respecting the nature of the injury. Upon being called by plaintiff's counsel, she testified that she and one or more women in the employ of plaintiff, Northwestern Iron & Metal Company, were ordered by the employer to lift a bale of paper from the floor to a table, and that in doing so she, as informed by her physician, Dr. Hanson, ''tore the lining in my right side loose and tore the kidney.'' Plaintiffs' contention that Dr. Hanson, defendant's lady physician, advised her to submit to the taking of an X-ray photograph is not supported by the record. On this point defendant testified in response to a question by the opposite party: ''Q. And she said you ought to have an X-ray picture taken? A. She didn't really say I ought to have it; she said it would give more satisfaction to my home folks; and I went to talk with Dr. Bogan, and he laughed at the idea of my having an X-ray picture taken, he said—(interrupted).'' In answer to a question by the court defendant said: ''Dr. Bogan examined me

twice and Dr. Hanson twice. * * * Dr. Bogan was the company doctor." Defendant was asked if Dr. Hanson suggested the X-ray. She answered: "No; Dr. Bogan wanted the X-ray first, he thought it was necessary. Afterwards I proposed an X-ray to him, too; when I was to him in his office, I proposed an X-ray picture, and he said it wasn't necessary. Q. (by Court) Why did you change your mind? A. I didn't feel as though I wanted an X-ray after I got up again, because I talked with several, and they said it was dangerous; they said there had to be medicine injected into my kidney."

Under the statute the request for an examination must be reasonable, but it does not appear to have been so in this case. The testimony before us shows affirmatively that neither an X-ray examination nor an X-ray photograph was necessary. No physician nor other person testified that either was necessary, nor does it appear that a request was made by plaintiffs to the court to require defendant to submit to either. In the present advanced state of the science of X-ray examinations and X-ray photographs of the person, there appears to be no reason why such examination or photograph should not be permitted by a claimant for compensation under the employers' liability act, upon request by the employer or insurer, unless the request is shown to be unreasonable.

The defendant, under section 3666, Rev. St. 1913, as amended in Laws 1917, ch. 85, sec. 116, demanded extra compensation for "waiting time." The statute follows: "Except as hereinafter provided, all amounts of compensation payable under the provisions of the article shall be payable periodically in accordance with the methods of payment of the wages of the employee at the time of the injury or death. Provided fifty per centum shall be added for waiting time for all delinquent payments after 30 days' notice has been given." Plaintiffs say that this section is ambiguous. When the scope of the employers' liability act is

considered in its entirety, it seems that the legislature intended by the language creating a penalty to make it thereby reasonably certain that the payments would not be delayed for trivial reasons and the act be thereby nullified. When' the section under consideration is considered together with all the other parts of the act, it seems reasonable to believe that the "delinquent payments" therein mentioned mean such payments as are contemplated or created by the terms of the act.

Plaintiffs argue that "in other portions of the statute it is stated that the compensation paid shall in no event be more than $12 a week," and that to impose the 50 per cent. penalty would conflict with the compensation act, section 3662, Rev. St. 1913, as amended, Laws 1917, ch. 85, sec. 112. This objection seems to be inapplicable, because the 50 per cent. additional payment that is provided by the act does not make the payment in the present case more than $12 a week. The compensation for "waiting time" seems to be reasonable.

Complaint is also made that the statute violates the constitutional guaranty that no person shall be deprived of property without due process of law. We cannot sustain the plaintiffs' argument on this point. Speaking generally, it may be borne in mind that an injured person who comes within the purview of the act is deprived of the right to have a jury pass upon any of the questions that pertain to the injury or to pass upon the measure of damages, and for this reason, among others, the statute, which is remedial in its nature, should be liberally construed. *Parson v. Murphy,* 101 Neb. 542, 16 Negligence and Compensation Cases Annotated, 174. The act is not apparently open to the objection that it is violative of the Constitution in the particular noted by plaintiffs.

The court properly declined to assess an attorney fee as costs under section 3212, Rev. St. 1913, that was invoked by defendant. The compensation act as amended (Laws 1917, ch. 85, sec. 24) provides: "It shall be the

duty of the county attorneys of the several counties and the attorney general of the state to appear as counsel for claimants for compensation and benefits under this article, and to assist and act in an advisory capacity to the compensation commissioner, upon his request." The employers' liability act in its entirety is a summary proceeding. One of its main objects is to facilitate an inexpensive and speedy settlement of controversies between employer and employee that arise out of personal injuries. It does not appear that the county attorney was requested to appear as counsel for claimant or that he refused to appear. That such official would perform his duty in the premises when called upon to act in his official capacity is presumed.

The judgment of the district court is reversed and the cause remanded for a new trial in harmony with the views herein expressed.

REVERSED.