**CHESTNUT & SMITH et al. v. LYNCH et al.**

No. 12128.—Opinion Filed Dec. 6, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

### 1. Master and Servant—Award of Workman's Compensation—Review—Questions of Fact.

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final.

### 2. Same.

The opinion of the Industrial Commission examined, and held that the appeal herein involves a question of fact, and not an error of law.

### 3. Appeal and Error—Briefs—Citation of Authorities.

A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court

in favor of the correctness of the judgment of the trial court.

Appeal from State Industrial Commission.

From award of workman's compensation to Arnold W. Lynch, Chestnut & Smith and another appeal, making the Industrial Commission a defendant in error. Judgment of Commission affirmed.

Breck Moss, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., Lydick & Hood, and Irvin L. Wilson, for respondents.

McNEILL, J. This is an appeal from the award of the State Industrial Commission by Chestnut & Smith and Consolidated Underwriters, wherein the State Industrial Commission awarded Arnold W. Lynch compensation for facial disfigurement in the sum of $1,800, and the further sum of $11.75 per week.

It is first contended that the evidence is insufficient to support the finding of the Commission relative to the monthly pay of Arnold W. Lynch at the time he was injured. The Commission found that, prior to the time of the injury, the claimant was receiving compensation amounting to $185 per month. There is evidence in the record to support this finding, as complainant testified that he was receiving a salary of $125 per month and expenses when away from home, and that his board and room amounted to $2.50 per day and he was away six days in a week. This involves a question of fact, and there is evidence to support this finding. This court, in the case of Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, stated as follows:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final."

The next question involved is the sufficiency of the evidence to substantiate the finding of the Commission of the permanent partial disability of claimant. It is sufficient to say there is evidence in the record to support the finding of the Commission, and this being a question of fact, it cannot be reviewed. The third proposition presented is stated as follows:

"We are asking this court to construe this expression: 'Provided that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided'. We shall cite no authority of any view that we might entertain with respect to the meaning of this little provision, but we are willing to submit our cause to the sound discretion and splendid analytical judgment of the highest tribunal of our state. We are not constrained to argue against this young man receiving some compensation for disfigurement, for such he certainly has suffered, but if there is no impairment than that of disfigurement the hand of the Commission has been thrust into darkness to find something upon which to predicate its award, and we believe that finding is a shadow and nothing real."

On appeal to this court the judgment of the lower court is presumed to be correct, and the burden is on the party assailing the judgment to point out wherein it is erroneous. Plaintiffs in error cite no authorities to support the contention that the judgment of the lower court is erroneous. This court has announced the following rule:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.". Blue v. Board of County Commissioners of Garvin County, 82 Okla. 178, 198 Pac. 851.

Calling the court's attention to one section of the statute, without any argument or authorities to show wherein the judgment is erroneous, is not sufficient to overcome the presumption that the judgment of the trial court is correct.

For the reasons stated, the judgment is affirmed.

PITCHFORD, V. C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur.