**SUN COAL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 12606—Opinion Filed Jan. 10, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Continuing Jurisdiction of Industrial Commission—Modification of Orders and Awards.**

The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law (chapter 246, Sess. Laws 1915) over each case submitted to it is continuing, and the commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just, and under section 12, art. 2, of said act, the commission may at any time, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act.

2. **Same—Appeals from Industrial Commission—Review—Question of Fact.**

The decision of the commission is final as to all questions of fact, and the court is not authorized to weigh the evidence upon which any finding of fact is based.

Appeal by the Sun Coal Company and Consolidated Underwriters from order of State Industrial Commission awarding additional workman's compensation to Fred Cole Burd. Affirmed.

Simpson, Hummer & Foster and Breck Moss (Conn Murphy, of counsel), for petitioners.

KANE, J. This is an appeal from an order of the Industrial Commission. The facts necessary for a consideration of the question presented for review may be briefly summarized as follows:

On the 7th day of March, 1921, the commission made an order awarding the claimant, Fred Cole Burd, compensation for injuries received while in the employ of the Sun Coal Company. In this order the court found that the claimant was injured on the 26th day of November, 1920, and that his disability ceased on the 3rd day of January, 1921, and that he was entitled to compensation from the 26th day of November, 1920, at the rate of $18 per week for a period of five weeks and two days, aggregating the total sum of $96. No exception to this order was taken, and the award was paid the claimant as directed by the commission.

On the 13th day of April, 1921, the claimant filed a motion to re-open the cause and to grant a further hearing upon the following grounds: (1) That he has suffered a partial permanent injury to the index finger on his right hand and is entitled to partial permanent disability pay. (2) That his injury was such that neither himself, the respondent, nor his physician was able to tell the exact extent of his injuries thereof. (3) That the injured member is still very painful, and that he is unable to use the same, and no proper award has been made for same.

On the 11th day of August, after a full hearing upon this motion, the Industrial Commission found from the evidence that the physical condition of the claimant continued to be such that he was entitled to compensation, in addition to the award previously made, from the 6th day of January, 1921, to the 19th day of January, 1921, and made an order awarding the respondent additional compensation for disability during this period. It is from this later action of the commission that this appeal was taken, the contention being that:

"The State Industrial Commission is without jurisdiction or authority to review its decisions, except upon the ground of a change in conditions, and the motion filed by the respondent with the commission to re-open and review said award did not state that there was any change of conditions, and did not therefore invoke the jurisdiction of the Industrial Commission."

In our opinion this contention is wholly without merit.

Section 12 of article 2, chapter 246, of the Session Laws of 1915, provides as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

Section 14 of the same act provides as follows:

"The power and jurisdiction of the commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just."

In a similar case, Choctaw Portland Cement Co. v. Lamb et al., 79 Okla. 109, 189 Pac. 750, these sections of the Workmen's Compensation Act were under consideration. In construing them, Mr. Justice Rainey, who delivered the opinion for the court, says:

"The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law, chapter 246, Session Laws 1915, over each case submitted to it is continuing, and the commission may, from time to time. make such modifications or change of its former findings or orders relating thereto as. in its opinion, may be just, and under section 12, art. 2, of said act. the commission may at any time, upon its own motion or upon the application of any party in interest. on the grounds of a change of conditions, review any award, and, on

such review, may make any award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act."

It was also held that the decision of the commission is final as to all questions of fact, and the court is not authorized to weigh the evidence upon which any finding of fact is based.

It seems to us that the action of the commission complained of herein falls so clearly within the purview of these sections of the Compensation Act, as construed in the above entitled case, that further discussion of the point raised would serve no useful purpose.

For the reason stated, the order of the Industrial Commission is affirmed.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.