## McALESTER COLLIERY CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 12471—Opinion Filed Jan. 17, 1922.

Rehearing Denied Feb. 14, 1922.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Liberal Construction.**

The Workmen's Compensation Law is remedial legislation, and is for the benefit of the workmen and the state, and should, at all times, be broadly and liberally construed so as to effectuate its purpose.

**2. Same—Appeals from Awards of Industrial Commission—Scope of Review.**

Under section 10 of the act (Sess. Laws 1915, ch. 246) this court must accept the facts as found by the commission, but from the facts thus found it may draw its own conclusions of law.

**3. Same—Findings of Commission—Motion for Further Findings.**

If, however, the facts found by the commission are not in accord with the judgment of either party as to what the findings of fact should be, or are not as full as desired, either party may, by motion or petition, request of the commission a further and additional finding.

**4. Same—Contents of Record on Appeal.**

The record upon which the cause must be determined in this court is a certified copy of the award or decision of the commission attached to the petition of the complainant, and the pleadings filed, if any, by the defendant to the petition and the Industrial Commission.

**5. Same—Questions of Fact—Finality of Commission's Decision.**

The decision of the State Industrial Commission is final as to all questions of fact, and this court has no authority to weigh the evidence upon which any finding of fact is based.

**6. Same—Award of Compensation—Affirmance.**

Record examined, and held, that the award of the Industrial Commission should be affirmed, and it is so ordered.

Appeal from State Industrial Commission; Baxter Taylor, Chairman.

Appeal by the McAlester Colliery Company from award of workman's compensation to Leonard Darby. Affirmed.

C. C. Null, for petitioner.

E. C. Marianelli, for respondent Leonard Darby.

JOHNSON, J. This is an appeal to this court to review an award of the State Industrial Commission.

In 1915 the Legislature enacted what is known as the Workmen's Compensation Law. Legislation of similar character has been enacted by many of the states, they coming to recognize that persons employed in hazardous undertakings, where liability to injury is great, are entitled to a more speedy and effectual remedy for redress of their injuries than that ordinarily provided by the rules of regular court procedure, and that numerous strictures of the common law should be removed. This legislation is remedial, and is for the benefit of the workmen and the state, and should at all times be broadly and liberally construed so as to effectuate its purpose. Scott's Case (Me.) 104 Atl. 794; Fidelity & Guaranty Co. v. Wickline (Neb.) 170 N. W. 193; Holt Lumber Co. v. Ind. Com. (Wis.) 170 N. W. 366; Rish v. Iowa Portland Cement Co. 186 Iowa, 443, 170 N. W. 532; Elks v. Conn (Iowa) 172 N. W. 173; Pater v. Superior

Steel Co. (Pa.) 106 Atl. 202; Am. Ind. Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Mahwald v. Thompson-Starrett Co. (Minn.) 158 N. W. 913; Appeal of Hotel Bond Co. (Conn.) 93 Atl. 245; Packett v. Moretown Creamery Co. (Vt.) 99 Atl. 638.

The act at page 593 (Sess. Laws 1915, ch. 246) also creates what is known as the State Industrial Commission, which has exclusive original jurisdiction in all cases arising under it.

Sections 10, 11, and 13, of art. 2, provides:

"Section 10. * * * The decision of the commission shall be final as to all questions of fact, and except as provided in section 13 of this article, as to all questions of law.

"Section 11. In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act. 2. That sufficient notice thereof was given. 3. That the injury was not occasioned by the willful intention of the injured employe to bring about the injury of himself or of another. 4. That the injury did not result solely from the intoxication of the injured employe while on duty. 5. That the injury did not result directly from the willful failure of the injured employe to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the Labor Commissioner."

"Section 13. The award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the clerk of the Supreme Court a certified copy of the award or decision of the commission attached to the petition by the complainant, wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous and illegal. Said proceeding shall be heard in a summary manner and have precedence over all other civil cases in such court, except preferred Corporation Commission appeals. The commission shall be deemed a party to such proceeding and the Attorney General, without extra compensation, shall represent the commission therein. Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court. Upon the final determination of said action in which the award or decision of the Commission is sought to be reviewed, the commission shall make an order or decision in accordance with the judgment of said court. * * * *"

On the 24th day of June, 1921, the State Industrial Commission, in accordance with the provisions of the law and the power conferred upon it thereby, made an award in the case at bar and found and decided as a fact that the claimant herein was injured on the 4th day of November, 1920, while in the course of and growing out of his employment with the respondent; that said injury was accidental, and as a result thereof the claimant sustained the loss of his left arm and one-half of his second finger and the third finger of the right hand; and that his wages at the time of his injury amounted to $7.50 per day; and drew from said findings of fact the legal conclusion that the claimant is entitled to compensation for 250 weeks for the loss of his left arm, for 15 weeks for the loss of one-half of his second finger, and for 20 weeks for the loss of his third finger, at the rate of $18 per week, together with all medical and hospital expenses incurred by reason of the injury.

To review said award, petitioner, on the 18th day of July, 1921, filed its petition in this court with a certified copy of said award attached, and assigns only one specification of error, which is as follows:

"Your petitioner would further show the court that the said order and judgment of said State Industrial Commission is not supported by the facts and is contrary to law."

Under section 10, article 2 of the act, this court must accept the facts as found by the commission, but from the facts thus found it may draw its own independent conclusions of law. It cannot weigh the evidence to ascertain whether or not it supports the facts found by the commission. The finding of fact by the commission is binding upon this court, where there is competent evidence to support it. Whether the facts found constitute a cause of recovery, is a question of law to be decided by this court.

In discussing this question, the court, in the case of Choctaw Portland Cement Co. et al. v. Lamb et al., 79 Okla. 109, 189 Pac. 750, in an opinion by Mr. Justice Rainey, said:

"The decision of the State Industrial Commission is final as to all questions of fact, and this court has no authority to

weigh the evidence upon which any finding of fact is based."

The same rule has been announced in Board of Commissioners of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206; Stephenson v. State Industrial Commission et al., 79 Okla. 228, 192 Pac. 580; Raulerson v. State Industrial Commission et al., 76 Okla. 8, 183 Pac. 880; Booth & Flinn, Ltd., v. Cook et al., 79 Okla. 280, 193 Pac. 36; Mullen v. Mitchell, 81 Okla. 201, 197 Pac. 171; Board of County Com'rs of Okmulgee County v. State ex rel. W. C. Jackson et al., 83 Okla. 48, 201 Pac. 998.

If, however, the facts found by the commission are not in accord with the judgment of either party as to what the finding of facts should be, or is not as full as desired, either party may, by motion or petition, request of the commission a further and additional finding. While this court is a court of original jurisdiction under the act, yet it is only for the purpose of reviewing the award and decision of the commission, and this review shall be by filing with the clerk of the court a certified copy of the, award or decision of the commission attached to the petition of the party complaining, in which shall be set forth the errors of the commission of which he complains. The commission shall be deemed a party, represented by the Attorney General to defend its action. It may file an answer or other pleading, as it chooses. If it does not do so, its defense will be treated as though it and its action necessarily and on purpose presented the defense of the defendant to the petition for review, although he may plead independently if he so desires. Upon the record as thus made in this court, the decision or award of the commission must be reviewed. Rule 6 of the rules prescribed for review of cases arising under this act (75 Okla. vi) provides for bringing up the records of the commission for review.

The award of the State Industrial Commission is affirmed, and the cause remanded to be proceeded with in accordance with this opinion.

PITCHFORD, V. C. J., and KANE, McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.