## SUPERIOR SMOKELESS COAL & MINING CO. et al. v. BISHOP et al.

No. 12720—Opinion Filed March 14, 1922.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation Law—Permanent and Total Disability.**
Paragraph 1, section 6, Compensation Act (Session Laws 1915, ch. 246), defines permanent and total disability as follows: Loss of both hands, or both feet, or both legs, or both eyes or any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent disability. Paragraph 3 of the same section provides in part that: Permanent loss of the use of a hand, arm, foot, leg or eye, shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye.

2. **Same—Questions of Fact—Decisions of Industrial Commission—Finality.**
It is well settled in this jurisdiction that the decision of the commission as to all matters of fact is final, if there is any evidence whatever tending to support it.

3. **Same—Appeal—Sufficiency of Evidence.**
We have examined the record carefully, and are convinced that the evidence sufficiently supports the findings of fact of the commission.

4. **Same—Permanent and Total Disability—Compensation—Effect of Earning Capacity.**
When it appears that an injured workman suffers the loss of both hands or both feet or both legs or both eyes, or any two thereof, or the permanent loss of the use of such members, he cannot be denied the compensation provided in the act because he obtains employment even at better wages at a task which he is physically able to perform.

Appeal from State Industrial Commission of Oklahoma.

Action by the Superior Smokeless Coal & Mining Company and the Consolidated Underwriters to reverse an order of the State Industrial Commission awarding workman's compensation to Jack Bishop. Affirmed.

Moss & Tumilty, for petitioners.

Williams & Lewis, for claimant.

S. P. Freeling, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for State Industrial Commission.

KANE, J. This is an appeal from an order of the Industrial Commission allowing the respondent, Jack Bishop, compensation for injuries under the Workmen's Compensation Law.

The commission found that as the result of an accidental injury the respondent lost the use of his right foot and his right hand and the partial use of his left ankle; that by reason of such injury respondent is permanently totally disabled, and entitled to compensation at the rate of $18 per week for a period of 500 weeks. This award was made on the 23rd day of February, 1921, and became final on the 12th day of September, 1921, after a motion to diminish compensation had been overruled by the State Industrial Commission.

The sole ground for reversal relied upon by counsel for petitioners is that the evidence was wholly insufficient, as a matter of law, to support an award for total permanent disability, and they present this ground for reversal for reviewing under two heads as follows: (1) That the evidence adduced in this case was wholly insufficient, as a matter of law, to show that claimant had lost the use of his hand and foot. (2) Even if it be conceded that claimant had permanently and totally lost the use of his hand and foot, there is still conclusive testi-

mony that he is not permanently totally disabled.. This contention is based on the undisputed facts that claimant was regularly employed at the time of the hearing, and had been for some time prior thereto, and that he was earning more wages at that time than he was prior to the injury. We will now consider these propositions in the light of the evidence and the applicable provisions of the Workmen's Compensation Act. Paragraph 1, section 6, Compensation Act (chapter 246, p. 477, Session Laws 1915), defines permanent and total disability as follows:

"Loss of both hands, or both feet, or both legs, or both eyes or any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent disability."

And paragraph 3 of the same section provides in part that:

"Permanent loss of the use of a hand, arm, foot, leg or eye, shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye."

A casual reading of these provisions of the Workmen's Compensation Act renders it fairly obvious that a consideration of the first proposition presented by counsel merely involves an examination of the record for the purpose of determining whether it contains any evidence whatever tending to support the finding of fact of the commission that the claimant suffered a permanent loss of the use of a hand and a foot. It is well settled in this jurisdiction that the decision of the commission as to all matters of fact is final, if there is any evidence whatever tending to support it.

In view of this it is sufficient to say of the first proposition that we have examined the record carefully, and are convinced that the evidence sufficiently supports the findings of fact of the commission.

It is true, as counsel contends in support of their second proposition, that the undisputed evidence shows that the claimant recovered from his injuries sufficiently to return to work for the same company in another capacity at a greater wage than he was receiving at the time of his injury. But it was also shown that, while the new employment was of a different nature than the former and required greater skill and commanded an increased wage, it did not require the use of plaintiff's injured members.

The question thus arising was recently before this court for decision in Winona Oil Co. v. Smithson, 87 Okla. —, 209 Pac. 398. In that case the claimant suffered an accidental injury to his eye, for which the com-

mission allowed him compensation, although he continued in the service of his employer without loss of time or any diminution in wages or salary. The court held that the fact that his employer continues his employment, or that he secures employment from some other person at an increased or decreased wage, in no way affects the right of an injured workman to the compensation specifically provided for in the act.

If the injured employe receives such an injury as is specifically provided for in the act, such as the loss of a hand, toe, arm, foot, finger, leg, etc., the same constitutes a permanent partial disability, for the simple reason that the act specifically so provides, and the injured employe is entitled to the compensation as provided in the schedule of the act. So we must conclude that when it appears that an injured workman suffers the loss of both hands or both feet or both legs or both eyes, or any two thereof, or the permanent loss of the use of such members, he cannot be denied the compensation provided in the act because he obtains employment even at better wages at a task which he is physically able to perform.

For the reasons stated the order of the Industrial Commission must be affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.