**NEW STATE ICE CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 12803—Opinion Filed May 30, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Review of Decisions of Industrial Commission—Questions of Fact.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final. Held, that the appeal herein involves a question of fact, and not an error of law.

Error from Order of State Industrial Commission.

Action by the New State Ice Company to reverse award by Industrial Commission of Workmen's Compensation to Homer Finley. Affirmed.

Ames, Chambers, Lowe & Richardson, for petitioner.

George F. Short, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for respondents.

McNEILL, J. This action was commenced on behalf of the New State Ice Company, a corporation, against the State Industrial

Commission and Homer Finley to reverse an order of the commission wherein the commission awarded Finley compensation at the rate of $9.20 per week for 13 weeks and three days. The petitioner admits the evidence disclosed the claimant was in the employ of the company and receiving 40 cents per hour. The claimant testified the number of working hours in a day was eight or nine. The claimant had only worked about three hours when the injury occurred. The petitioner relies on the rule announced in Associated Employers' Reciprocal v. Industrial Commission, 83 Okla. 73, 200 Pac. 862, and contends, there is no evidence to support the finding of the commission regarding what the weekly compensation of the claimant was, and therefore the award should be set aside.

This court, in the case of Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, stated as follows:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final."

There is evidence in the record that the claimant was in the employ of the defendant and received 40 cents per hour and that eight or nine hours per day constituted a working day. The amount of wages per week at this rate would be a matter of computation. Under this state of the record, the appeal involves a question of fact, and not a question of law, and therefore under and by virtue of section 10, chapter 14, Session Laws 1919, as construed by this court in the case of Wilson Lumber Co. v. Wilson, supra, the judgment of the commission is final.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.