**PHILLIPS et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 13042—Opinion Filed July 18, 1922.

(Syllabus)

**Master and Servant—Workman's Compensation—Finality of Industrial Commission's Decisions on Facts.**

By provisions of section 10, Workmen's Compensation Act (Sess. Laws 1915, ch.

246, art. 2), the decision of the commission is final as to all qestions of fact, and in all appeals to this court from an award from the Industrial Commission, the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor of or against the finding of fact made by the Industrial Commission.

Error from State Industrial Commission. Action by Waite Phillips and others to review award of workman's compensation to B. L. Baker. Affirmed.

Simpson, Hummer & Foster, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. This proceeding in error has been regulary commenced in this court to review an award of the Industrial Commission of this state, which is as follows:

"Now on this the 13th day of January, 1922, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occurred to him while in the employment of Waite Phillips & Delmar Oil Co., on the 13th day of April, 1921, at Hominy, Okla., and the commission having considered the testimony taken at a regular hearing at Pawhuska, Okla. on January 4, 1922, before a member of the commission, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by Messrs. Fred A. Graybill and H. O. Roberts, and having examined all the records on file in said cause and being otherwise well and sufficiently advised in said premises, finds the following facts:

"(1) That the claimant herein was in the employment of Waite Phillips & Delmar Oil Company, and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant received an accidental injury on the 13th day of April, 1921;

"(2) That as a result of said injury the claimant was temporarily totally disabled from performing his work from April 13, 1921;

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period.

"(4) That the claimant's average wage at the time of his injury was $5.50 per day.

"The commission is therefore of the opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation at the rate of $16.15 per week, beginning April 13, 1921, and continuing weekly until the termination of disability, or until otherwise ordered by the commission.

"It is therefore ordered: That within ten days from this date that Waite Phillips & Delmar Oil Co., or the Consolidated Underwriters, pay to the claimant compensation at the rate $16.15 per week, beginning April 13, 1921, and continuing weekly until the termination of disability, or until otherwise ordered by the commission, and also pay all medical expenses incurred by said claimant as a result of said accident."

The specifications of error of petitioners are as follows:

"(1) That the said State Industrial Commission erred in making said order, a copy of which is attached hereto, on the claim filed by B. L. Baker, for the reason that there was no proper notice given by said claimant as required by law, to the respondents or either of them.

"(2) That said commission erred in admitting evidence on the part of the respondent, B. L. Baker, and further erred in refusing to admit evidence that was offered by the petitioners.

"(3) That said order is contrary to law and not sustained by any evidence.

"(4) That there was no competent evidence introduced by the respondent, B. L. Baker, at the hearing to show that he ever received an injury, and the order made by the State Industrial Commission is not sustained by any evidence.

"(5) That there was no evidence introduced by the respondent, B. L. Baker, to prove, or which tended to prove, that he sustained an accidental injury in the course of or arising out of his employment on the date alleged in his claim, to wit; April 13, 1921, or at any other time."

Counsel for petitioners devote their brief to an argument that the findings of fact of the commission in the instant case are either without evidence to support the same, or that such findings are clearly against the weight of the evidence.

We have carefully read the report of the physician, Dr. J. B. Rolater, who operated upon the claimant for hernia, and the testimony of the claimant and the other witnesses, as disclosed by the record, and find that there is not only not a want of testimony to support the findings of fact of the commission, but that the testimony reasonably tends to support each and every finding of fact made by the commission. Therefore, under the universal holding of this court in this class of cases, these findings are conclusive upon this court. The record further discloses that there was no error of

law committed by the commission in making the award complained of, and the action of the commission is, therefore, affirmed.

McNEILL, ELTING, KENNAMER, and NICHOLSON, JJ., concur.