## MULLEN COAL CO. v. SCAVAGE et al.

No. 12834—Opinion Filed July 25, 1922.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation—Finality of Decision Below on Facts.**

By the provisions of section 10 of the Workmen's Compensation Law (chap. 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor of or against the findings of fact made by the Industrial Commission.

**2. Same—Award—Affirmance.**

Record examined, and held, that the award of the Industrial Commission to the claimant of compensation at the rate of $18 per week for a period of 100 weeks, payable weekly, was not erroneous, and the same is affirmed.

Appeal from State Industrial Commission.

Action by the Mullen Coal Company to review award of workman's compensation to George Scavage. Affirmed.

Andrews & Anderson, for petitioner.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. This proceeding was regularly commenced in this court on November 16, 1921, to review the following award of the State Industrial Commission, to wit:

"Now on this 7th day of November, 1921, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occured to him while in the employment of the Mullen Coal Company on the 5th day of March, 1921, at Adamson, Okla., and the commission having considered the testimony taken at a regular hearing at McAlester, Okla., on the 10th day of October, 1921, before a member of the commission, at which hearing the claimant appeared in person and was represented by Wallace Wilkinson, and the respondent was represented by Mr. Andrews, and having examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises finds the following facts:

"(1) That the claimant herein was in the employment of the Mullen Coal Co. and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant received an accidental injury on the 5th day of March, 1921;

"(2) That as a result of said accident the claimant suffered the loss of vision in his right eye;

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period;

"(4) That the claimant's average wage at the time of his injury was $10 per day.

"The Commission is Therefore of the Opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation at the rate of $18 per week for a period of 100 weeks.

"It is Therefore Ordered: That within ten days from this date the Mullen Coal Company pay to the claimant compensation commuted from March 5, 1921, at the rate of $18 per week, and continue said payments weekly for a period of 100 weeks, until the sum of $1,800 has been paid, and also pay all medical expenses incurred by said claimant as a result of said accident."

The petitioner's assignments of error are as follows:

"(1) In rendering judgment on the 7th day of November, 1921, before the evidence in behalf of the respondent had been closed. Your petitioner respectfully shows that upon the hearing had at the city of McAlester, Okla., on the 10th day of October, 1921, it was ordered in open session of such commission that an opportunity should be given to obtain the testimony of Dr. Charles F. Snow, who was then absent from the State of Oklahoma, and whose testimony could not be had until his return; that your petitioner herein had never waived the right to examine said witness, or to have his testimony produced before the commission, but that such commission before the close of the testimony, and before opportunity had been had to examine the said Dr. Charles F. Snow, closed the case and rendered judgment in absence of this evidence.

"(2) In refusing to re-open the award and allow the introduction of the testimony of the said Dr. Charles F. Snow.

"(3) Because the judgment rendered in said cause was rendered in part upon irrelevant, incompetent, and immaterial evidence that was objected to by the petitioner herein at the time such evidence was offered.

"(4) Because notice of the injury was not given as by law required, nor sufficient reason for the failure shown."

The respondents' answer admits that the award of the Industrial Commission was made at the time, and against the petitioner as alleged in its petition, and that the copy of the award attached to the petitioner's petition is a true copy of such award. In the third paragraph of the answer the respondents deny all the allegations as to the error set forth in paragraphs 1, 2, 3, and 4 of petitioner's petition. And thereafter further allege:

"The facts to be that in the consideration of the evidence and the rights of the parties under the laws of the state of Oklahoma applicable to its duties, the State Industrial Commission gave due regard to the rights thereunder of all parties at interest, and

after a just and due consideration of the facts based upon the evidence adduced in said cause, in its judgment found that the claimant, George Scavage, was entitled to the relief it granted and accordingly did the same in the performance of its duties under said laws."

There has been no transcript of the evidence taken before the Industrial Commission filed in this court in this cause, nor has the petitioner filed any brief in support of its assignments of error.

Number 6 of the rules prescribed by the Supreme Court governing the commencement and trial of actions commenced for the purpose of reviewing awards or decisions of the commission under the Workmen's Compensation Law is as follows:

"Rule vi. The action shall be heard in a summary manner upon the record and proceedings had before the commission. * * * Upon the hearing of such action the decision of the commission shall be final as to all questions of fact."

There is no contention that there was no evidence before the commission; on the contrary, the assignments of error show that there was evidence before the commission; also, that the errors complained of were as to the findings of fact made by the commission upon evidence before it. Such findings are conclusive upon the court, and, therefore, the petition presents nothing for review. McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630; Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; Superior Smokeless Coal & Mining Co. v. State Industrial Commission, 85 Okla. 204, 205 Pac. 497.

Petitioner in specification of error charged that the commission erred in rendering judgment before the evidence in behalf of the respondents had been closed; and specification (2), error of the commission in refusing to re-open the award and allow the introduction of other testimony; and (3), because the judgment rendered was rendered in part upon irrelevant, incompetent, and immaterial evidence that was objected to by the petitioner.

Section 7, article 4, chapter 246, Session Laws of 1915, Workmen's Compensation Act, provides that:

"The commission shall adopt reasonable rules not inconsistent with this act, regulating and providing for:

"First. The kind and character of notices and the service thereof in case of accident and injury to employe;

"Second. The nature and extent of the proofs of evidence and the method of taking and furnishing the same, to establish the right to compensation."

Section 6, article 2, of the same act, provides that:

"For the loss of an eye, one hundred weeks."

The commission found as a fact (paragraph 1) that the claimant was in the employment of the respondent and was engaged in a hazardous occupation, within the meaning of the act, and that while so engaged and in the course of his employment, he received an accidental injury on the 5th day of March, 1921. And in paragraph 2 found as a fact that as a result of said accident the claimant suffered the loss of vision in his right eye. Found in paragraph 4 that the claimant's average wage at the time of his injury was $10 per day, and found that he was entitled under the law to compensation at the rate of $18 per week for a period of 100 weeks. There was no error in the findings and conclusions of the commission, and the same are, therefore, affirmed.

PITCHFORD, V. C. J., and McNEILL, ELTING, and KENNAMER, JJ., concur.