## HUNT v. MAGNOLIA PETROLEUM CO. et al.

No. 14731—Opinion Filed Feb. 12, 1924.

Rehearing Denied June 10, 1924.

1. **Master and Servant—Workmen's Compensation—Review of Award — Questions of Fact.**

In a suit instituted in the Supreme Court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact, the decision as to all matters of fact based upon sufficient testimony being final. This court is not authorized to weigh the evi-

dence upon which findings of fact are based.

**2. Same.**

Where there is evidence reasonably tending to support the order of the State Industrial Commission, such order is final and conclusive on the Supreme Court and under S. L. 1915, c. 246, sec. 10, art. 2, the decision of the State Industrial Commission is final as to all questions of fact and cannot be reviewed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Industrial Commission of the State of Oklahoma.

Proceeding by Milo Hunt against the Magnolia Petroleum Company to recover compensation for injuries alleged to have been sustained by petitioner while in defendant's employ. From judgment of the State Industrial Commission in favor of respondent, petitioner appeals. Affirmed.

Singleton & Hughes, for plaintiff in error.

Geo. F. Short, Atty Gen., Baxter Taylor, Asst. Atty. Gen., and W. H. Francis, B. B, Blakeney, and Hubert Ambrister, for defendants in error.

Opinion by RUTH, C. On June 6, 1923, the plaintiff in error filed his claim before the State Industrial Commission for compensation under the Workmen's Compensation Laws of Oklahoma for loss sustained by reason of an alleged injury to his back occasioned by lifting certain tools while he was in the employ of the Magnolia Petroleum Company, and from the judgment of the commission, refusing to award him compensation for that the injuries were not received while in the performance of his duties as an employe of the Magnolia Petroleum Company, and, therefore, the commission had no jurisdiction, the complainant brings this cause here for review.

For convenience the plaintiff in error will be designated as complainant, the Magnolia Petroleum Company, as the company, and the Industrial Commission, as the commission.

It appears from the record that the complainant had been employed by the company for several years off and on in drilling wells and working around the wells of the company, and, according to his complaint, some time in February, 1923, he alleges his back was injured but, according to the testimony, he continued to work until the latter part of April, and had required during the period no medical attention, nor did he notify the company of any injury any more than to tell one of his fellow employes, possibly the foreman of the gang, that he had wrenched his back and this information was not conveyed to the fellow employe until the day after the injury is alleged to have occurred. He continued to work possibly two months thereafter without complaint. All parties appeared before the Industrial Commission and presented their evidence, and, after considering all the facts, the commission concluded that the complaint from which he was said to be suffering was not occasioned by an accident or mishap befalling the complainant while in the employ of the company and by reason thereof the commission was without jurisdiction to award him compensation.

Complainant in his brief contends that the evidence was noncontradictory, that the complainant was suffering certain injuries, and the physicians described to the commission the nature and extent, so far as they could, of the complainant's suffering, and stated that there were no external evidences of any injury but admitted that his condition might be the result of such an injury as was described by the complainant or might be from other causes, and upon all the testimony and evidence the commission found as above stated. The record and brief presents an unmixed question of fact and this court has repeatedly held that:

"In a suit instituted in the Supreme Court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact, the decision as to all matters of fact being final. This court is not authorized to weigh the evidence upon which any findings of fact are based." Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018; McAlester Edwards Coal Co. v. State Industrial Commission, 86 Okla. 192, 207 Pac. 557; St. Louis Smelting & Refining Co. v. State Industrial Commission, 86 Okla. 216, 207 Pac. 734; Canode v. Claypool & Wheeler, 86 Okla. 262, 207 Pac. 974; New State Ice Co. v. State Industrial Commission, 87 Okla. 135, 209 Pac. 318.

The court, in Sun Coal Company v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042, held that:

"The order of the Industrial Commission is final as to all questions of fact and the court is not authorized to weigh the evidence upon which any finding of fact is based."

In McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630;

Consolidated Fuel Company v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170; Superior Smokeless Coal & Mining Company v. Bishop et al., 85 Okla. 204, 205 Pac. 497; Cameron Coal Company v. Duncan, 85 Okla. 219, 205 Pac. 503, and Whitehead Coal Mining Company v. State Industrial Commission, 86 Okla. 149, 207 Pac. 305, this court held:

"It is well settled in this jurisdiction that the decision of the Industrial Commission as to the matter of fact is final, if there is any evidence whatever tending to support it."

"By the provisions of the Workmen's Compensation Law (S. L. 1915, ch. 246, art. 2, sec. 10) the decision of the State Industrial Commission is made final as to all matters of fact; and, on appeal to the Supreme Court from an award of the Industrial Commission, the court is without jurisdiction to weigh the evidence to determine whether the same preponderates in favor of or against the findings of fact made by the Industrial Commission." Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314; Missouri Valley Bridge Co. v. State Industrial Commission, 86 Okla. 209, 207 Pac. 562; Waite Phillips & Delmar Oil Co. v. State Industrial Commission, 87 Okla. 26, 208 Pac. 261; Associated Employers' Reciprocal v. State Industrial Commission, 87 Okla. 28, 208 Pac. 266; Mullen Coal Co. v. Scavage, 87 Okla. 31, 208 Pac. 771.

The Industrial Commission having heard all of the evidence in this case and having made the findings of fact upon the evidence, such findings will not be disturbed by this court on appeal, and for the reasons set forth, the judgment of the Industrial Commission should be affirmed.

By the Court: It is so ordered.