## UHRINA v. ROCK ISLAND COAL MIN-ING CO.

No. 14982—Opinion Filed July 1, 1924.

**1. Master and Servant—Workman's Compensation Law—Award—Finality of Decision of Facts.**

By the provisions of the Workmen's Compensation Law (Sess. Laws 1915, ch. 246, art. 2, sec. 10), the decision of the State Industrial Commission is made final as to all matters of fact and on appeal to the Supreme Court from an award of Industrial Commission, this court is without jurisdiction to weigh the evidence to determine whether the same preponderates in favor of or against the findings of facts made by the Industrial Commission.

**2. Same—Appeal—Scope of Review.**

In a suit instituted in the Supreme Court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact; the decision as to all matters of fact being final.

**3. Same—Affirmance.**

Record examined, and as the same presents no question of law for review, the order and judgment of the State Industrial Commission will not be disturbed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from State Industrial Commission.

Action by Andrew Uhrina to review action of State Industrial Commission, Rock Island Coal Mining Co., respondent. Affirmed.

E. C. Marianelli, for plaintiff in error.

C. O. Blake and Moore & Harries, for defendant in error.

Opinion by RUTH, C. On May 18, 1920, the complainant, Andrew Uhrina, filed his application with the State Industrial Commission for allowance under the state Workmen's Compensation Law, alleging he had suffered injuries consisting of a broken leg

while in the employ of the Rock Island Coal Mining Company on April 8, 1920. The commission made an order requiring the company to pay complainant $18 per week until further order of the commission, and to further pay all medical expenses made necessary as the result of the accident. This order was complied with, and on January 30, 1923, complainant filed his petition for compensation for permanent total disability, alleging he had suffered a total loss of the use of his right leg; that as a result he is in such a condition as permanently disables him from the performance of any manual labor and especially such manual labor as he was accustomed to perform before the injury, and that he suffers continuous pain. After hearing had, the commission, on December 3, 1923, made its order, wherein it found the complainant had suffered the injury complained of; that he suffered pain to such an extent as to render the leg useless; that complainant was entitled to compensation at the rate of $18 per week for a period of 175 weeks, the same being the statutory period for the loss of the use of a leg, and directed the company to pay all necessary bills for medical attention and examinations.

From the order denying compensation for a period of 500 weeks, the statutory period for permanent total disability, complainant brings the cause here for review.

Complainant insists there is a misapplication of the law, but a very careful examination of the record fails to disclose the same, and all the testimony shows conclusively that no question is raised in the case that is not an unmixed question of fact. Complainant bases his claim to permanent total disability upon the testimony of two physicians as set forth in plaintiff's briefs, and being satisfied that complainant has set forth that which is most favorable to his cause, we find these physicians testified that complainant was not disabled in any other portion of his body, save and except the right knee joint; that he could perform manual labor but they did not think he could follow his occupation as a coal miner; "that if he walks or steps on an irregular surface his leg gives way," and he could not "perform manual labor requiring weight bearing or much if any function of that knee joint."

We cannot follow the reasoning of counsel for complainant wherein he states that if complainant had his leg amputated at the knee he would only be entitled to compensation for a period of 173 weeks, but by reason of the fact that he still has his leg, and that it causes him some pain when he steps

on uneven surfaces, and the knee "gives way" he is entitled to compensation as for permanent total disability. The most careful examination of the record discloses no question of law, and this court has repeatedly held:

"In a suit instituted in the Supreme Court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact, the decision as to all matters of fact being final.

"This court is not authorized to weigh the evidence upon which any finding of fact is based." Chestnut and Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018; McAlester Edwards Coal So. v. State Ind. Comm., 86 Okla. 192, 207 Pac. 557; St. Louis Smelting & Refining Co. v. State Ind. Com., 86 Okla. 216, 207 Pac. 734; Canode v. Claypool & Wheeler, 86 Okla. 262, 207 Pac. 974; New State Ice Co. v. State Ind. Com., 87 Okla. 135, 209 Pac. 318; Sun Coal Co. v. State Ind. Com., 84 Okla. 164, 203 Pac. 1042.

"It is well settled in this jurisdiction that the decision of the Industrial Commission as to matters of fact is final, if there is any evidence whatever tending to support it." McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630; Consolidated Fuel Co. v. State Ind. Comm., 85 Okla. 112, 205 Pac. 170; Superior Smokeless Coal & Mining Co. v. Bishop et al., 85 Okla. 204, 205 Pac. 497; Cameron Coal Co. v. Duncan, 85 Okla. 219, 205 Pac. 503; Whitehead Coal Mining Co. v. State Industrial Com., 86 Okla. 149, 207 Pac. 305.

"By the provisions of the Workmen's Compensation Law (S. L. 1915, chap. 246, art. 11, sec. 10), the decision of the State Industrial Commission is made final as to all matters of fact; and on appeal to the Supreme Court from an award of the Industrial Commission this court is without jurisdiction to weigh the evidence to determine whether the same preponderates in favor of or against the findings of fact made by the Industrial Commission." Ohio Drilling Co. v. State Ind. Com., 86 Okla. 139, 207 Pac. 314; Missouri Valley Bridge Co. v. State Ind. Com., 86 Okla. 209, 207 Pac. 562; Waite Phillips and Delmar Oil Co. v. State Ind. Com., 87 Okla. 28, 208 Pac. 261; Associated Employers Reciprocal v. State Industrial Comm. 87 Okla. 28, 208 Pac. 266; Mullen Coal Co. v. Scavage, 87 Okla. 31, 208 Pac. 771.

For the reasons herein stated, the order and decision of the State Industrial Commission should be affirmed.

By the Court: It is so ordered.