**PILEY v. SINCLAIR PIPE LINE CO. et al.**

No. 15968—Opinion Filed Oct. 20, 1925.

Rehearing Denied May 11, 1926.

**1. Master and Servant—Workmen's Compensation—Findings of Fact—Finality.**

The order of the commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which a finding of fact is based.

**2. Same.**

Record examined; held, to be sufficient to support judgment of the commission refusing to modify a previous award.

Proceeding in the Supreme Court by Frank Piley against the Sinclair Pipe Line Company et al. to review order of Industrial Commission refusing to modify a previous award and judgment on the ground of changed condition. Affirmed.

Thompson & Smith, for petitioner.

W. E. Ziegler, C. L. Canfield, and Edward H. Chandler, for respondents.

Opinion by STEPHENSON, C. The petitioner was in the employ of the Sinclair Pipe Line Company on August 1, 1922. The claimant sustained an injury in the nature of a strain to the muscles of his back, on account of falling while carrying a piece of pipe. A report of the injury was filed with the Industrial Commission and claimant was allowed $5.77 as compensation for the injury. The claimant executed a final receipt and report in which he stated that his disability ended on August 28, 1922, and caused the same to be filed with the Industrial Commission on September 19, 1922. The commission approved the final receipt and report as of September 28, 1922. The claimant filed his application before the commission on June 4, 1924, to cause a modification of the order made in September, 1922, on account of changed condition. The cause was tried before the commission on the 31st day of October, 1924, which resulted in a judgment denying the application of petitioner. The commission made the following finding of fact upon which the judgment was based:

"That claimant failed to establish a change in condition, or other facts sufficient to entitle him to further compensation."

The trial of the question was one of fact for determination by the commission. The commission heard the evidence and has made its findings of fact against the petitioner. The rule is that a judgment of the commission upon a question of fact will not be disturbed upon appeal. Such judgment is not subject to review on appeal upon the question of the sufficiency of the evidence to support the judgment. This court will consider and review the questions of law involved in the appeal, but will not undertake to weigh the evidence upon which any finding of fact is based. Aetna Life Ins. Co. v. State Industrial Comm., 109 Okla. 65, 234 Pac. 765; Sun Coal Co. v. State Industrial Comm., 84 Okla. 164, 203 Pac. 1042.

It is recommended that the judgment of the commission be affirmed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 122, § 127; anno. L. R. A. 1917D, 186, et seq.; 28 R. C. L. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. pp. 1871, 1872; 5 R. C. L. Supp. pp. 1580, 1581. (2) Workmen's Compensation Acts, C. J. p. 122, § 127.