## MUSKOGEE IRON WORKS et al. v. GOETZ et al.

No. 24778.   Oct. 24, 1933.

Rehearing Denied Nov. 14, 1933.

Application for Leave to File Second Petition for Rehearing Denied Dec. 19, 1933.

Stone, Moon & Stewart, for petitioners.

Malcolm E. Rosser, for respondents.

SWINDALL, J.   This is an original proceeding to review an award of the State Industrial Commission.   The record shows that on April 30, 1926, Ernest Goetz while in the employ of the Muskogee Iron Works engaged in the construction of a bridge near Ft. Gibson, Muskogee county, Okla., fell from the bridge a distance of about 30 or 40 feet, landing on some piling, breaking his left leg, which was amputated above the knee two days after the accident.   He also had a fractured scapula, an injured shoulder blade, and severe hemorrhages during convalescence. Thereafter, complication arising, a second operation was performed on the left leg. After returning to his home from the hospital, and while walking on crutches, he slipped and fell, injuring the stump, and a third operation was performed on the left leg. He made claim for compensation under the Workmen's Compensation Law, and on the 16th day of May, 1927, the Commission awarded him compensation at the rate of $18 per week, for 175 weeks, for said accidental injury.   On December 26, 1927, he filed application for additional compensation, including injuries to his back, and on June 23, 1928, the Commission awarded him 8 weeks' compensation, less 5 days' waiting period, being 7 weeks and 1 day for disability due to injury to his scapula, which amount was paid.   In its findings and award of June 23, 1928, the Commission found, among other things, that the disability complained of to claimant's back was not the

result of the injury sustained on April 30, 1926, and that claimant was not entitled to compensation therefor.   No proceeding was commenced in this court to review this finding and the same became final.   On November 21, 1931, the claimant filed his motion to reopen his cause and for a hearing to determine extent of disability on account of change of condition caused by injury sustained April 30, 1926, while in the employment of the Muskogee Iron Works.   Over the objection of the Muskogee Iron Works and the United States Fidelity & Guaranty Company, its insurance carrier, the cause was reopened and evidence taken, and on the 24th day of May, 1933, the Industrial Commission entered its findings and awards,

"That by reason of said accidental injury, claimant now is and has so been, since November 21, 1931, totally and permanently disabled as a direct result of said accidental injury of April 30, 1926."

And awarded:

"The claimant the sum of $1,980, being compensation at the rate of $18 per week, for 110 weeks, or from November 21, 1931, to May 26, 1933, and continue to pay claimant thereafter at said rate of $18 per week; until the total of 500 weeks has been paid, less the 182 weeks and 1 day heretofore paid, or less any sum or sums heretofore paid as compensation on account of said accidental injury and the total and permanent disability resulting therefrom."

From this finding and award the employer and insurance carrier have commenced this original proceeding to review.   They will hereafter be referred to as petitioners and the claimant as respondent.

The petitioners assign eight errors upon which they base their general contention that the award is not sustained by any competent evidence, and, therefore, should be vacated. The petitioners admit that if there is any competent evidence in the record to sustain the award, this court is bound by the findings of the Commission.   There is evidence in the record relative to the respondent's injury to his back.   However, the Commission having found that the disability complained of to claimant's back is not the result of the injury sustained on April 30, 1926, and that claimant is not entitled to compensation therefor, that finding being based upon an issue presented to the Commission for determination, and there being competent evidence before the Commission upon which it could determine that the injury to the back was not the result of the accidental injury of April 30, 1926, as well as evidence upon

which it could have determined it was the result of said injury, we are not authorized to disturb that finding of fact made by the Commission. So, we must examine the record to determine the issue before the Commission relative to a change in conditions resulting from the original injury, eliminating the evidence in regard to the back injury.

Dr. G. C. Wallace, of Ft. Gibson, Okla., testified that he treated the respondent immediately after his accident and saw him several times after he was released from the hospital; that he was hysterical and had nervous trouble; that he treated claimant frequently before he went to Missouri; that he saw him at irregular intervals; and that he thought for a time that the respondent was suffering from malaria, treated him for malaria, and that the treatment got no results; that he thought of the injury and finally decided that his condition was due to the injury. He also testified that in 1932 he looked at respondent's arm, that he had never examined it before, but that the left arm was smaller than the right arm at the time he examined it; that in the case of paralysis doctors always suspect it is caused from cerebral hemorrhage; and that he naturally attributed it to the injury; that he would say that the last stroke of paralysis was probably caused from the injury. He thought the nervous condition and muscle and hysterical condition were the result of the back injury. Dr. I. B. Oldham testified that in his judgment the first stroke was caused by a back-up cloud from the stump, and a similar stroke during the last of February, 1931, in all probability, was caused from the same thing; that he did not know for sure. Dr. I. B. Oldham, Jr., testified that he knew claimant, that he did not take part in the original operation, but did take part in the last operation about Christmas, 1926; and that he examined claimant on February 14, 1927, but made no examination of him between the dates of February 14, 1927, and January 27, 1932, when he examined him for the purposes of the last hearing before the Commission; that there was a change in his condition between the 14th of February, 1927, and the 27th of January, 1932. At the last hearing he had "an acclusion in the artery of the left arm, I mean his artery of the left arm was cut off by the scar tissue or embolism—tissue change. The left arm is smaller." He also testified that, "You cannot feel the blood pressure or pulse in the left arm, you cannot hear the pulse." That condition did not exist when Dr. Oldham, Jr., examined him in 1926. Dr. Oldham, Jr.,

further testified that the condition of respondent's left arm is a common thing following an operation. He further testified, "I think the condition he now has is that his bone drove down through part of the flesh of the stump shortly after he started to wear a shrinker and it squeezed a blood clot out into the circulation. That brought about this blood clot and caused the condition he now has." Dr. Eyermann, of St. Louis, Mo., who has known respondent since July, 1931, and treated him professionally, testified that from respondent's history and the fact that he had a physical examination for insurance prior to his injury, which examination pronounced him physically fit, the doctor was of the opinion that his present condition must date from the injury received and the history; and that he was of the opinion that his condition was permanent.

From a consideration of this evidence, we are of the opinion, and hold, that there is competent evidence in the record aside from the back injury sufficient to sustain the award of the State Industrial Commission. The decision of the Commission is final as to all questions of fact, and the court is not authorized to weigh the evidence upon which any finding of fact is based. Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 P. 1042; Associated Employers' Reciprocal v. State Industrial Commission, 87 Okla. 28, 208 P. 266; Mullen Coal Co. v. Scavage, 87 Okla. 31, 208 P. 771; Hunt v. Magnolia Petroleum Co., 99 Okla. 264, 226 P. 1052; Uhrina v. Rock Island Coal Mining Co., 100 Okla. 130, 227 P. 841.

The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.